ROBERT C. STICKLEY, Plaintiff in Error, *v.* WILLIAM LITTLE *et al.*, Defendants in Error.

### ERROR TO TAZEWELL.

An affidavit for garnishee process upon a judgment rendered, should state the amount of the judgment recovered against the creditors of the person garnisheed, and interrogatories should be filed for the garnishee to answer, before default taken or judgment rendered.

THIS was a process of garnishment by William Little and others, against Robert C. Stickley, as garnishee of Smith and Brady.

The affidavit upon which the writ was issued, is copied in the opinion.

A summons against Stickley was issued, dated November 5, 1860, and served December 6, 1860.

In February, 1861, a conditional judgment was rendered against Stickley, and a *scire facias* ordered to issue.

A *scire facias* was issued, and served.

A judgment by default was rendered against Stickley, for $115.66, and costs of suit.

Stickley moved to set aside judgment, which the court ordered to be done, upon condition that he pay the costs in sixty days.

The errors assigned are:

The paper purporting to be an affidavit, is not entitled in any cause.

The affidavit does not show where the judgment of William Little and others was rendered, whether in a court of record or not, nor at what time, nor in what court, nor for what amount said judgment was rendered, nor whether the same was unpaid, nor to what county execution was issued.

Said affidavit does not state or set forth by what authority said Parker makes his affidavit.

No interrogatories were filed for the garnishee to answer.

The court erred in not setting aside the judgment absolutely.

JAMES ROBERTS, for Plaintiff in Error.

B. S. PRETTYMAN, for Defendants in Error.

CATON, C. J. This was a garnishee proceeding, upon a judgment recovered by Little against Smith and Brady. The affidavit on which the process was issued, is as follows:

STATE OF ILLINOIS, } ss.
TAZEWELL COUNTY.

Personally appeared before me, George Harlow, Clerk of the Circuit Court of Tazewell county, William E. Parker, who, being sworn according to law, deposes and says, that William Little *et al.* obtained a judgment against T. W. Smith, and Robert Brady, on which judgment an execution was issued, and returned by the sheriff of the county, " No property found;" and that the defendants have no property within the knowledge of this affiant, in their possession, liable to execution; and this affiant has just reason to believe, that Robert C. Stickley is indebted to Robert Brady, or has some effects or estate of the said Brady in his hands.                                              W. E. PARKER.

Subscribed and sworn to before me, this the }
  5th day of December, A. D. 1860.
          GEORGE H. HARLOW, *Clerk.*

The process was served on Stickley, against whom a default was taken, and a judgment rendered for one hundred and fifteen dollars, and sixty-six cents. No interrogatories were filed, for the garnishee to answer. This default was wrong. The affidavit was insufficient to justify the judgment. It does not state the amount of the judgment recovered against Smith and Brady. By his default, certainly Stickley admitted no more funds or property of theirs in his hands, than the affidavit showed was the amount of the judgment against them. But it was irregular to take the default until interrogatories were exhibited for the garnishee to answer. Until then there was nothing for him to answer, and he was not bound to appear.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*