## JOHN GIBBON

v.

## SILAS L. BRYAN, Adm'r.

1. GARNISHMENT—FORM OF JUDGMENT.—In garnishment the judgment should be in favor of the defendant in execution for the use of the plaintiff against the garnishee.

2. FOUNDATION FOR GARNISHMENT PROCEEDINGS—RETURN OF EXECUTION—AFFIDAVIT.—To give the court jurisdiction in garnishment there must have been a return *nulla bona* of the execution, and a proper affidavit, under the statute filed. While the Circuit Court is a court of general jurisdiction, and entitled to all presumptions in favor of its common law jurisdiction, this presumption ceases when it undertakes to administer a statute passed in derogation of the common law.

ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. B. B. SMITH, for plaintiff in error; that the filing of an affidavit is necessary to give the court jurisdiction, cited Rev. Stat. Chap 62, § 1.

Gibbon v. Bryan.

The answer does not show that the debt was due when judgment was rendered: Pierce v. Carrollton, 12 Ill. 358.

Judgment should have been rendered for the whole amount due: Gillilan v. Nixon, 26 Ill. 50; Farrell v. Pearson, 26 Ill. 463.

Messrs. POLLOCK & SON, for defendant in error; that an affidavit is not necessarily a jurisdictional fact, and appearance and answer of the garnishee without objection, gave the court jurisdiction: cited Nat. Bank v. Titsworth, 83 Ill. 591; Baldwin v. Murphy, 82 Ill. 485; Phelps v. Reeder, 39 Ill. 172.

The objection cannot be first made in this court: Chanute v. Martin, 25 Ill. 63.

There being no dispute as to amount or proper parties, this court can render a proper judgment: Prince v. Lamb, Breese, 378; Boyle v. Carter, 24 Ill. 51.

ALLEN, J.  On the 24th of August, 1876, defendant obtained a judgment, in the Marion Circuit Court, against Esther Aird for the sum of $514.66 and cost.  Execution was issued on the judgment and levied on certain lots, describing them in Aird's addition to Odin, and on July 14th, 1877, were struck off at a sale to defendant in error, for the sum of $5.00.  The following indorsements appeared on the execution, after the date that it came to hand, and the date of the levy on the lots, describing them: "The within described property was offered for sale on the 16th of June, the time advertised for sale; there being no bids, the sale was adjourned over to the 18th at 2 o'clock.

"The within described lots were offered Monday, June 18th, 1877, the time set by adjournment.  There was no sale, there, being no bidders.

                                      "A. J. HARVEY, Sheriff.

"The sale of this property was July 14, and was sold to Silas L. Bryan for the sum of five dollars.

                                      "A. J. HARVEY, Sheriff.

"This execution is entitled to a credit of five dollars by sale of the above described lots, this July 14, 1877.  The

sheriff never received any money on this execution July 14th, 1877.

"A. J. HARVEY, Sheriff."

Then follows sheriff's costs indorsed on execution. These indorsements are all that appear on the execution.

On the 23d of July, 1878, an instrument purporting to be an affidavit was filed in said court, the substance of which is as follows:

"S. L. BRYAN, Administ'r of Estate
          of William Aird,                    Garnishment on
                    v.                          Judgment.
          ESTHER AIRD.

"Affidavit of S. L. Bryan states that at the Aug. term, 1876, of this court, he got judgment in his capacity as administrator of Wm. Aird's estate, for the sum, as he believes, of $514, and costs, or about that sum. That an execution was issued, and nothing made; and afterwards an execution was issued and levied on all the property of defendant, and advertised; and afterwards a *pluries* execution was issued and levied on real estate, and the plaintiff bid it off for $5.00; that the sheriff, as he informed affiant, returned the execution; that he knew of no other property, real or personal, belonging to defendant to make the money due on the judgment; that, as he is informed and believes, John Gibbon is indebted to defendant—amount not known—and prays a writ of garnishment to issue.

"S. L. BRYAN.

"July 23d, 1878."

Whereupon garnishee process issued against plaintiff in error, Gibbon. Interrogatories filed, and at the August term, 1877, Gibbon filed his answer in open court, and upon a hearing the court entered a judgment against Gibbon, in favor of defendant in error, for $557.26 and cost.

The errors assigned are:

The court erred in rendering judgment for defendant in error, there being no return of the sheriff, no property found, and no affidavit sworn to by A. L. Bryan and filed.

2. The answer does not show that John Gibbon owed the note to Esther Aird.

Gibbon v. Bryan.

3. The judgment should be in favor of Esther Aird for the use of S. L. Bryan, administrator of Wm. Aird, v. John Gibbon, garnishee.

4. The judgment should be for the full amount of the debt.

We regard the 3d error as well assigned. The Supreme Court have held that in garnishment the judgment should be in favor of the defendant in execution for the use of the plaintiff, against the garnishee. We have no doubt but this court would have a right to direct the Circuit Court to correct the judgment in form.

But a more serious and important question arises under the first error assigned. It does not appear from the record that the execution issued on the judgment, and upon which a levy was made, was returned "no property found," or that it ever was returned by the sheriff. Nor does it appear that what purports to be an affidavit of defendant in error was ever sworn to. Sec. 1 Chap. 62, Revised Statutes of 1874, provides "that when an execution shall be returned 'no property found,' on the affidavit of the plaintiff being filed with the clerk, etc., that defendant has no property within his knowledge liable to execution, and that he has just reason to believe that," etc. etc., then a summons may issue, etc., but before the summons issues there must be a return of execution "*nulla bona,*" and an affidavit must be made by the plaintiff, or some one for him.

These two things must be done in order to give the court jurisdiction of the subject-matter of the suit. The issue and service of the summons gives jurisdiction of the person or party defendant. The plaintiff in error having answered in that suit, there is no question of the jurisdiction of the court over the person; but without a return of *nulla bona,* and without an affidavit by plaintiff, or some one for him, as directed by the statute, could the court acquire jurisdiction of the subject-matter?

While the Circuit Court is a court of general jurisdiction, and in the exercise of its common law powers is entitled to all the presumptions in favor of its jurisdiction, this presumption ceases when it undertakes to administer a statute passed in derogation of the common law, and the intendments are no

stronger in its favor than courts of inferior jurisdiction. Smith's Leading Cases, 832; Denning v. Coreion, 11 Wend. 648.

Our Supreme Court, in Kruse v. Wilson, 79 Ill. 233, holds that in a proceeding by attachment the affidavit required by statute is what gives the court jurisdiction of the subject matter. "That it is the affidavit that starts the jurisdiction in motion, and that is jurisdiction." Why is it that the judicial power cannot be set in motion in attachment without an affidavit? It is because the statute requires an affidavit, and, being a statute in derogation of the common law, must in all things be substantially, if not strictly, complied with.

In garnishment two things are necessary to be done before the judicial power is set in motion. The execution must be returned "no property found," and plaintiff must file an affidavit setting up such facts as are required by the statute. Both are required to "set the judicial power in motion," which, according to the opinion *supra*, is jurisdiction. In that case a question was raised as to whether the plaintiff in attachment had been sworn to the affidavit. The Circuit Court admitted evidence upon the record to show that it had been sworn to, and that it was an omission of the clerk that no jurat appeared to the affidavit. The Supreme Court held that the evidence was properly admitted, and held that the fact that it was sworn to, gave the court jurisdiction.

In the case we are considering there is this difference: in the attachment nothing but an affidavit was required by the statute; the record showed one had been made. In this case, the law required, *first*, return of execution "no property found," *second*, an affidavit of plaintiff in judgment.

This record does not show a return of the execution, much less a return "no property found," nor does the record show that any affidavit was made by defendant in error, except in so far as they are shown by the recitals in the summons issued by the clerk; but we presume it will not be insisted by any one that these recitals are to be regarded as sufficient evidence of the return of execution and of the making the affidavit, in a a case where the intendment is against rather than in favor of

the jurisdiction of the court. Since the evidence fails to show a return of execution with the indorsement and the making of an affidavit, as required by statute, we believe the Circuit Court failed to acquire jurisdiction of the subject-matter.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and Remanded.