# THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.,

## v.

# ELWOOD M. JARRETT.

1. JUSTICE OF THE PEACE—ATTACHMENT.—A justice of the peace is invested with jurisdiction in attachment only by virtue of the statute, and such jurisdiction can be exercised only in the manner pointed out in the statute. So, where in attachment, the defendant not being served nor appearing in the cause, the justice continued the cause for fourteen days only, the judgment was void.

2. RIGHT OF ACTION AGAINST JUSTICE.—If an officer having a limited authority, do an act beyond his authority, trespass will lie against him; but if the act, though erroneous, be done within the limit of his authority, he will be protected.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge presiding. Opinion filed December 13, 1880.

This was an action of debt against appellee, Elwood M. Jarrett, a surety on the official bond of George W. Mitchell, police magistrate of the town of Lake, to recover damages for the sale of property under a judgment in attachment, rendered

The People v. Jarrett.

by said magistrate against Edward T. Martin for whose use the suit is brought. The court below sustained a demurrer to the declaration, and rendered judgment for costs against the plaintiff. The plaintiff brings the case to this court by appeal, and assigns for error the ruling of the court in sustaining the demurrer and rendering judgment against the plaintiff.

The declaration alleges, *inter alia*, the issuance of the writ of attachment, returnable on the 29th day of December, 1877, the seizure of Martin's goods thereon, and the return of the writ by the constable " not found as to the defendant, E. T. Martin;" that the defendant not appearing either in person or by attorney, the magistrate continued the cause until the 12th day of January, 1878, at 9 o'clock A. M.; that on said 12th day of January, at the hour of nine o'clock sharp, judgment was rendered by the magistrate for the plaintiff against said Martin for eighty-eight dollars and eighty-seven cents and costs, no personal service upon said Martin having been made, nor any return of such service by the officer, and said Martin not having appeared, either in person or by attorney; that on said 12th day of January, 1878, the said police magistrate issued an attachment order of sale, commanding the constable to sell the property attached, in pursuance of which order the property was sold on the 25th day of January, 1878, for the sum of one hundred and thirteen dollars and forty cents, which, less the amount of costs, was paid over to the plaintiff in attachment.

Mr. F. W. Becker, for appellant; that the statute must be strictly pursued by the justice, cited Rev. Stat. Chap. 11, § 9; Crepps v. Durden, 1 Smith's Lead. Cas. 992; Johnson v. Baker, 38 Ill. 99; Mitchell v. Foster, 12 Ad. & E. 472; Campbell v. McCahan, 41 Ill. 46; Briggs v. Worhill, 10 Mass. 356; White v. Jones, 38 Ill. 160; VonKettler v. Johnson, 57 Ill. 109; Thomas v. Hinsdale 78 Ill. 259; Hull v. Blaisdell, 1 Scam. 332; Evans v. Pierce, 2 Scam. 468: Evans v. Bouton, 85 Ill. 579; Firebaugh v. Hall, 63 Ill. 81: Haywood v. Collins, 60 Ill. 328; Vairin v. Edmonson, 5 Gilm. 270; First Nat. Bank v. Beresford, 78 Ill. 391.

Mr. ALBERT H. VEEDER, for appellees; that no person is liable to a civil action for what he has done as an officer while acting within the limit of his jurisdiction, cited 2 Hilliard on Torts, Chap. 28, § 5; Deal v. Harris, 8 Md. 40; Burnham v. Stevens, 33 N. H. 247; VonKettler v. Johnson, 57 Ill. 109; Sagendorph v. Shult, 41 Barb. 102; Butler v. Potter, 17 Johns. 145; Flack v. Ankeny, Breese, 187; Lancaster v. Lane, 19 Ill. 242; Booth v. Rees, 26 Ill. 48; Outlaw v. Davis, 27 Ill. 466.

In attachment, when the ground required by statute has been laid for the issue of process, the jurisdiction of the court has attached: Drake on Attachment, Chap. 17, § 437; Booth v. Rees, 26 Ill. 48; Moore v. Mauck, 79 Ill. 391; Borders v. Murphy, 78 Ill. 81.

Unless the duty of the magistrate is purely ministerial, he cannot be made liable to an action for a mistake in the execution of his duty, unless malice be shown: Linford v. Fitzroy, 13 Q. B. 240; Bushnell's Case, 1 Mod. 184; Pike v. Carter, 10 Moore, 376.

The ordering of a continuance is a judicial act: Downing v. Herrick, 47 Me. 462; Wertheimer v. Howard, 30 Miss. 420; Linford v. Fitzroy, 13 Ad. & E. 240.

WILSON, J. The statute conferring jurisdiction upon justices of the peace in attachment suits, provides that if the defendant has not been personally served, and no appearance be entered by him, the justice shall continue the case not less than fifteen days, and shall immediately prepare a notice to be posted up at three public places in the neighborhood of the justice, directed to the defendant, stating the fact that an attachment had been issued, and at whose instance, the amount claimed to be due, and the time and place of trial; and also stating that unless the defendant shall appear at the time and place fixed for trial, judgment will be entered by default, and the property attached ordered to be sold to satisfy the same. These notices are required to be posted by the constable at least ten days before the day set for trial. Section 10 of the act (Hurd's Stat. 154) provides that if notice shall not be given according to law, or for any other good

cause, the justice may continue the suit from time to time, till proper notice shall have been given, or the cause is ready for trial. And section 11 provides that when notice shall be given as required by the act, the justice shall on the day set for trial of the cause, proceed to hear and determine the same as though the defendant had been personally served with process.

Justices of the peace are courts of inferior and limited jurisdiction, and can only act within the limits prescribed by the statute. As a justice of the peace is invested with jurisdiction in attachment proceedings only by virtue of the statute, the jurisdiction can be exercised only to the extent, and in the manner pointed out by the statute. It is a special authority conferred by the legislature upon a tribunal, otherwise having no power to act in such a case, and must be pursued in strict accordance with the manner prescribed. These principles are too familiar to require the citation of authorities.

The defendant in the attachment not having been personally served with process, and not appearing either in person or by attorney, the statute required the justice to continue the case not less than fifteen days. He had no authority to continue it for a shorter period. He continued it for fourteen days. The order of continuance was a nullity. At the expiration of the fourteen days, the defendant not appearing and not having been served with process, judgment was rendered against him, an order of sale entered, under which the property attached was sold.

It is insisted by the counsel for appellee that the provision of the statute requiring the justice to continue the case fifteen days, is directory, and is only for the purpose of giving time to the constable to post notices ten days. It might with equal force be claimed that the statute which requires a justice of the peace to make an ordinary summons in an action of assumpsit returnable not less than five nor more than fifteen days, is only directory, because of the provision that service of the summons three days before the return day is sufficient. It would not be contended that a summons returnable in four days from the date of its issuance

would have any validity, or give the justice jurisdiction to hear and determine the case, where the defendant did not appear, although the summons had been served three days before the return day. The five days in the one case, and the fifteen days continuance in the other, are alike mandatory, and are essential to confer jurisdiction on the justice to render a judgment.

We are referred by appellee's counsel to numerous authorities to show that a person is not liable in a civil action for what he has done as judge, or while acting in a judicial capacity, if he acts in good faith, within the scope of his jurisdiction. This is undoubtedly the rule, but the important qualification must not be overlooked, that judicial protection extends to inferior tribunals so long only as they act within the limits of their jurisdiction.

The principle is stated in 2d Hilliard on Torts, Ch. 28, § 5, thus: "The general rule of law, as to actions of trespass against persons having a limited authority, is plain and clear. If they do an act beyond the limit of their authority, they subject themselves to an action of trespass; but if the act be done within the limit of their authority, although it be done through an erroneous or mistaken judgment, they are not thereby liable to such action."

While in the present case the statute invested the justice with jurisdiction in attachment proceedings, it also pointed out the particular steps to be taken in the exercise of such jurisdiction. One of these required the justice to continue the case not less than fifteen days. The day to which the case is continued is made by the statute the day fixed for the trial, in case the defendant has not been personally served, and does not appear on the return day of the writ; and it is the day on which the notice requires the defendant to appear. The continuance of the case for fourteen days only was more than a mistaken or erroneous judgment; it was a departure from, and in violation of, the express provisions of the statute, which alone gave the justice jurisdiction to act. It was an order which the justice had no power to make, and it had the

legal effect to work a discontinuance of the case. The subsequent proceedings were *coram non judice* and void.

As the action of the justice was in violation of his official duty, we are of the opinion that the declaration stated a good cause of action, and that the court erred in sustaining the demurrer thereto. The judgment of the court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.