## Thomas Garrett v. John A. Murphy, Jr., for use of, etc.

1. GARNISHMENT—*What is Necessary to Give a Justice of the Peace Jurisdiction.*—In order to give a justice of the peace jurisdiction of the subject-matter in garnishee proceedings an affidavit is necessary showing the judgment on which such proceedings are based, the amount thereof, execution issued thereon and returned unsatisfied.

2. JUSTICE COURTS—*Jurisdiction Must Appear Affirmatively.*—A justice's court being one of subordinate and limited jurisdiction, created by statute, nothing can be presumed in favor of its jurisdiction. Such jurisdiction must appear affirmatively on the face of its proceedings.

Garnishee Proceedings.—Appeal from the Circuit Court of Cook
County; the Hon. ELBRIDGE HANECY, Judge presiding.   Heard in this
court at the October term, 1901.  Affirmed.  Opinion filed May 5,
1902.

ALLEN & WESEMANN, attorneys for appellant.

WILLIAM L. TIBBS, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action by appellee against appellant to
recover the balance due on a lease executed by appellee to
appellant.   It was admitted by appellant, on the trial, that
$182.50 was the correct balance unpaid on the lease; also
that appellee, September 24, 1900, assigned to Mary E.
Kirby, for whose use the suit was brought, all rent unpaid
on the lease, but that appellant had no notice of such assign-
ment until October 1, 1900.   Appellant's sole defense was
that in certain garnishment proceedings against him, en-
titled John A. Murphy, for use of Henry Best, v. Thomas
Garrett, judgment was rendered against him, as garnishee,
for the sum of $150, and he tendered to appellee, on the trial,
$32.50.   To sustain his claim he offered in evidence a tran-
script of the proceedings in garnishment before a justice
of the peace, from which it appears that the summons in
garnishment was issued July 10, 1900, and that July 18,
1900, on appellant's admission that he was indebted to John
A. Murphy in the sum of $150, which would fall due
October 1, 1900, judgment was rendered against him for
that amount, and execution was stayed until October 1,
1900.   Appellant offered the transcript in evidence, and
the court, on objection made, excluded it, and this is
assigned as error.   The transcript shows that the proceed-
ings were based on a judgment, but contains no affidavit in
support of the garnishment proceedings, nor was any such
affidavit offered in evidence.   In order to give the justice
jurisdiction of the subject-matter, it was necessary that an
affidavit should have been made, showing the judgment on
which the garnishment proceeding purported to be based,
the amount thereof, execution issued thereon, and a return

Garrett v. Murphy.

of *nulla bona* on the execution. Rev. Stat., Chap. 62, Sec. 1; Gibbon v. Bryan, 3 Ill. App. 298; Stickley v. Little, 29 Ill. 315.

A justice's court being one of subordinate and limited jurisdiction, created by statute, nothing can be presumed in favor of its jurisdiction. Its jurisdiction must appear affirmatively on the face of the proceedings. Lindblom v. Doherty, 102 Ill. App. 1, and numerous cases therein cited.

This is said solely as to the transcript offered in evidence. The defense of appellant being based on the judgment in garnishment, the court properly excluded the transcript, it not showing jurisdiction of the subject-matter in the justice, and no affidavit being offered in evidence. But even though the justice had had jurisdiction, it does not appear from the bill of exceptions that the appellant offered any evidence to prove that he paid the justice's judgment, or that it was for the demand now sued on. The bill of exceptions merely recites, the defendant "says that he has been garnisheed by judgment creditors of plaintiff, as appears by defendant's exhibits A and B hereto attached, for and on account of the same demand here made by plaintiff; and that a judgment has been rendered against him as garnishee for the sum of $150, and which garnishment judgment he has paid before the commencement of this suit." This is a mere recital of what appellant claimed on the trial, and not an offer of evidence. Again, he admits that he knew of the assignment of the rents to Mary E. Kirby, October 1, 1900, when the rent fell due, and it does not even appear from his claim that he did not pay the judgment after notice of the assignment.

The judgment will be affirmed.