## C. E. Rogers, Appellee, v. Fred J. Pierce, Garnishee, Appellant.

1. GARNISHMENT, § 1*—*when strict compliance with statute requisite.* Garnishment proceedings are purely statutory, and only by a strict compliance with the terms of Rev. St. ch. 79, sec. 85 (J. & A. ¶ 6946), governing such proceedings, can a justice acquire jurisdiction to issue a garnishee summons or to hear and determine a garnishee case.

2. GARNISHMENT, § 53*—*when affidavit insufficient.* An affidavit for garnishee summons which was originally signed with plaintiff's name by his attorneys, and recited that it had been sworn to before the justice on a stated day, without showing who swore to it, and which was subsequently amended by striking out the attorneys' names, was no affidavit at all and formed no basis for the proceedings; it appearing that plaintiff, whose name appeared at the bottom of the so-called affidavit, did not sign or swear to it and was not even in the room when it purported to have been signed and sworn to, and that after the amendment no one attempted to resign it or to verify it as amended.

3. GARNISHMENT, § 54*—*when proceedings dismissed for want of proper affidavit.* No such affidavit as required by Rev. St. ch. 79, sec. 85 (J. & A. ¶ 6946), having been filed in the garnishment suit in question before the justice, he had no jurisdiction to proceed and properly dismissed the proceedings, and the City Court hearing the case on appeal had no jurisdiction the justice did not have.

Appeal from the City Court of Pana; the Hon. JOHN H. FORNOFF, Judge, presiding. Heard in this court at the April term, 1918. Reversed. Opinion filed April 29, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES E. SPRINGSTUN, for appellant.

GRIFFITH & VOGELSANG, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

On June 2, 1917, a judgment was entered by one W. H. Aughinbaugh, a justice of the peace of Christian county, Illinois, in favor of one C. E. Rogers, plaintiff, and against one John Jones, defendant, for $58.82 and for costs. Upon this judgment an execution was issued which was returned on June 11, 1917, "No property found subject to levy." On June 14, 1917, a paper purporting to be an affidavit for garnishee summons was filed with the justice of the peace, where the judgment was rendered in attempted compliance with section 85, ch. 79, Rev. St. (J. & A. ¶ 6946), in which, besides other jurisdictional facts, it was stated in substance that there was reason to believe that one Fred J. Pierce was indebted to John Jones, the judgment creditor, or had effects in his hands belonging to the said Jones. Thereupon a garnishee summons was issued by the justice of the peace for the said Fred J. Pierce to answer as garnishee in said cause. In due time the garnishee proceedings were dismissed by the justice of the peace. From that judgment of dismissal an appeal was prosecuted to the City Court of the City of Pana, by Rogers, the judgment creditor. In the City Court of Pana a judgment was rendered against Pierce, the garnishee for the amount found due from him to Jones, the judgment debtor. From that judgment, Jones, the judgment debtor, has prosecuted an appeal to this court. No question is here raised as to the right of Jones to prosecute this appeal.

Appellant urges several reasons why the judgment should be reversed, but it will not be necessary for us to consider but one of these reasons.

The so-called affidavit for garnishee summons was signed "C. E. Rogers, by Griffith & Phillips, Attys." The jurat merely recites that the same was "subscribed and sworn to before me this 14th day of June 1917. W. H. Aughinbaugh, Justice of the Peace." It does not appear who swore to it. A motion was made in the City Court of Pana by Jones, the judgment debtor, to dismiss the garnishee proceedings for the want of a proper affidavit, and a cross motion was made by Rogers, the judgment creditor, for leave to amend the affidavit by striking from the signature to it the words "by Griffith and Phillips, Attys." but leaving the name C. E. Rogers there. The motion to amend was allowed and the amendment was made by erasing the words mentioned, and thereupon Jones renewed his motion to dismiss, which was denied. On the hearing of this motion to dismiss, the proof conclusively shows that C. E. Rogers, whose name appears at the bottom of the so-called affidavit as the signer thereof, did not sign or swear to it and was not even in the room when it purports to have been signed and sworn to, and that after the same was amended no one attempted to resign it or to verify it as amended. It was therefore not an affidavit at all.

Garnishment proceedings are purely statutory and only by a strict compliance with the terms of the statute governing such proceedings can a justice of the peace acquire jurisdiction to issue a garnishee summons or to hear and determine a garnishee case. *Farnum v. North Chicago Safety Deposit Vault Co.,* 97 Ill. App. 439; *Dearborn Laundry Co. v. Chicago & A. R. Co.,* 55 Ill. App. 438.

To give a court jurisdiction in a garnishment proceeding, an affidavit must be filed pursuant to section 85, ch. 79, Rev. St. (J. & A. ¶ 6946); *Gibbon v. Bryan,* 3 Ill. App. 298; *Garrett v. Murphy,* 102 Ill. App. 65.

As there was no such affidavit filed in this case as is required by section 85, ch. 79, Rev. St., the justice

had no jurisdiction to proceed and properly dismissed the proceedings. The City Court of Pana, hearing the case on appeal, had no jurisdiction the justice of the peace did not have. The judgment appealed from was void for want of jurisdiction and is therefore reversed.

*Reversed.*