Dolisi Graham, Trading as Midwest Drilling Company et al., Appellants, v. Charles S. Geary, Appellee.

Term No. 47F7.

Opinion filed April 28, 1947. Rehearing denied May 26, 1947. Released for publication June 2, 1947.

DOWELL & DOWELL, of Salem, for appellant.

ROBERT M. WASHBURN, of Centralia, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee, Charles S. Geary, commenced an action in attachment against Dolisi Graham, doing business as Midwest Drilling Company, for debt in the amount of $316.64, in a justice of the peace court and named Wm. Schneider and Schneider & Gwin, a partnership, as garnishees. Judgment was entered in the justice court against the defendant, Dolisi Graham, and also against the garnishee, Wm. Schneider. The case was appealed to the circuit court of Marion county by the garnishee, Wm. Schneider, and neither the defendant in attachment, Dolisi Graham, nor any claimant of the funds attached joined therein. In the hearings in the circuit court various motions and other pleadings were passed upon but no evidence was heard. At the final hearing judgment was entered in favor of the plaintiff appellee, Geary, and against the garnishee appellant, Schneider, in the sum of $316.64, and costs of suit.

The transcript from the justice court shows that the writ of attachment was returnable April 17, 1944, and personal service was had on the garnishee, Schneider, but no service was had on the defendant, Dolisi Graham, and cause was continued from April 17 to April 27, for the posting of notices, and again con-

tinued on the same day until May 2, 1944. The attachment recited that the case was continued until 1 o'clock p. m., May 2, 1944, and the officer's return showed that three copies of the notice were properly posted and that a copy was mailed to the defendant, D. Graham, Salem, Illinois. The case was heard May 2, 1944, and an answer was filed for the garnishee, Schneider, which admitted indebtedness to Graham in the amount of approximately $1,000, and judgment was entered against the defendant, Dolisi Graham in the amount of $316.64, and costs. On May 25, execution was issued against the defendant, Graham, and returned, "no property found," and garnishee summons was ordered and issued. The affidavit for garnishee summons commenced as follows, "Charles S. Geary by Robert Washburn, Atty. of said county, being duly sworn . . . ," but it was signed by "Chas. S. Geary," and the jurat of the justice of the peace is to the left of the signature. It appears that there were adverse claimants to the funds held by the garnishee but a hearing was had relative to them and the justice of the peace ruled against them and since they did not join in the appeal to the circuit court they will not be considered.

The three points urged for reversal on this appeal are: 1. That the justice court and the circuit court were without jurisdiction to enter judgment against Dolisi Graham because there was no proper service had upon him. 2. That the affidavit for garnishee summons was defective and for this reason the justice of the peace court and the circuit court were without jurisdiction. 3. That there should have been a trial *de novo* in the circuit court.

In regard to point 1, the appellant garnishee contends that the constructive service failed as to the defendant in attachment because the justice of the peace continued the case for 10 days instead of 15, as required by par. 80, ch. 79, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 71.076]. The case of *People v. Jarrett,*

7 Ill. App. 566, is relied upon by the appellant. In this case the justice of the peace continued the case 14 days for the posting of notices of attachment and the court held that the 15 day requirement was mandatory and that there was no service upon the defendant. However, in the case at bar the justice of the peace continued the case 15 days and the attachment notices so stated. While the justice of the peace originally continued the case only 10 days, he realized his error and entered an additional continuance for five days more on the same day. This is considered sufficient compliance with the provisions of the statute in view of the fact that the attachment notices, which were posted, properly advised the defendant in attachment of the setting of the case.

The appellant further contends that it was improper to enter a judgment against the appellant garnishee for the reason that no personal service had been obtained on the defendant in attachment. It is noted that par. 92, ch. 79, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 71.088], provides: ''No final judgment shall be entered against a garnishee in any attachment proceeding until the plaintiff shall have recovered a judgment against the defendant in such attachment.'' A judgment was recovered against the defendant, Graham, in attachment and it is not essential that personal service be had on the defendant in attachment. In the case of *Pomeroy v. Rand, McNally & Co.,* 157 Ill. 176, the court upheld a judgment rendered by a justice of the peace against a garnishee when constructive service, by posting, was had upon the defendant in attachment.

In regard to point 2, the appellant garnishee contends that the affidavit for garnishee summons was defective because it commences as though it was to be the affidavit of Charles S. Geary, by Robert Washburn, his attorney, while in fact it was signed by Geary, himself, and for this reason par. 85, ch. 79, Ill. Rev. Stat.

1945 [Jones Ill. Stats. Ann. 71.081], was not followed and the court was without jurisdiction of the garnishee. The case of *Rogers v. Pierce*, 214 Ill. App. 178, is cited to support this contention. It is noted that in the case cited the affidavit for garnishee summons was signed by "C. E. Rogers, by Griffith & Phillips Attys." The court held that it was impossible to tell who signed the affidavit and therefore there was no affidavit. A motion was made to amend the affidavit by striking the words, "by Griffith & Phillips Attys.", which was allowed, but the proof showed that C. E. Rogers had not signed the affidavit and the court held that the affidavit was improper. We find the situation different in the instant case. There was no showing that Charles S. Geary had not signed the affidavit and the jurat of the justice of the peace is controlling in the absence of proof to the contrary.

In regard to point 3, it is the contention of the appellant garnishee that there should have been a trial *de novo* in the circuit court in order to support the judgment rendered against the garnishee. The record shows that the entire case was heard on the transcript from the justice of the peace court and on the pleadings. The circuit court was concerned only with the question of whether or not the justice court had jurisdiction of the defendant in attachment and it was not necessary to hear proof of issues which had already been decided. In the case of *Flannigen v. Pope*, 97 Ill. App. 263, an appeal was taken from the justice of the peace court to the city court by a garnishee in an attachment action. The defendant in attachment did not join in the appeal and no evidence was heard by the city court. The contention was made that there should have been a trial *de novo* in the city court and on appeal the Appellate Court held that the appeal to the city court did not vacate the judgment of the justice of the peace court and bring up to the city court for trial *de novo* the issues between those parties which that

judgment had determined. The case of *Pomeroy v. Rand, McNally & Co., supra,* was quoted by the court in reaching its decision as follows, "If the proceedings in attachment are void they may be attacked by the garnishee; but if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant in attachment. . . . Whether or not the circuit court heard evidence as to the indebtedness claimed by the plaintiff in attachment from the defendant is a matter of no concern to the garnishee."

We find no error in the hearing in the circuit court and for the reasons assigned its judgment is affirmed.

*Affirmed.*

CULBERTSON, P. J., and BARTLEY, J., concur.