Illinois Central Railroad Company

*v.*

G. R. Weaver.

1. Garnishment—*against whom it will lie.* Process of garnishment will not lie against the debtor of a garnishee against whom an execution has been returned *nulla bona.*

2. Chancery—*debtor and creditor.* And it seems even a court of chancery, on a bill filed for such purpose, would have no authority to apply a

debt due the garnishee, against whom an execution has been returned no property found, in payment of the judgment.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. GEORGE W. WALL, for the appellants.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The facts in this case are these: On the first of May, 1869, P. A. Ross recovered a judgment before a justice of the peace of Marion county, against one Hartman, for $98.27. On the third, he obtained a summons against one Weaver, as debtor of Hartman, and on the eighth of May a judgment was rendered in favor of Hartman, for the use of Ross, against Weaver, for fifty-five dollars. On the twelfth of May, *fi. fa.* issued against Weaver, and returned on the same day *nulla bona.* Ross then filed an affidavit, that the Illinois Central Railroad Co. was indebted to Weaver, and obtained a summons against that company as garnishee of Weaver, which was duly served on the company, returnable on the thirteenth of May. On that day, the paymaster of the company appeared and answered that, up to May 1, the company was indebted to Weaver $51.73, and that fifty dollars of that sum had been paid to Hartman on the thirteenth of May. Another witness, L. T. Moore, proved that the company owed Weaver for work in May, up to the twelfth—seventeen dollars. Weaver being the head of a family, twenty-five dollars of these amounts were exempt by law, and judgment was rendered against the company, in favor of Weaver for the use of Ross, for $43.73.

To reverse this judgment, the company appeal to this court.

The only question presented is, does a fair construction of the law of garnishment authorize process of garnishment

against the debtor of the garnishee, against whom an execution has been returned *nulla bona*.     R. S. Ch. 8, p. 58.

This question is presented now for the first time, in this court, after a practice under the garnishment act of many years. It has never before been claimed, that under that statute, garnishment could extend beyond the debtor of the debtor in the original proceeding. Though it may be considered a remedial proceeding, and for that reason to be liberally expounded, yet the plain and obvious provisions of the law must not be departed from.

It is contended by appellee, that by the thirty-eighth section of chapter 57, title, " Judgments and Executions," R. S. 307, process of garnishment is allowed on all judgments rendered by a justice of the peace, and, therefore, judgment having been rendered against Weaver as the debtor of Hartman, who was the debtor of Ross, the plaintiff in the action, the same process could be awarded against appellant, who was the debtor of Weaver. However convenient this might be, we are not able to find any authority for it in the statute.

The section to which reference is made, is as follows: " Whenever a judgment shall be rendered by any court of record, or any justice of the peace, in this State, and an execution against the defendant shall be returned by the proper officer 'no property found,' on the affidavit of the plaintiff, or other credible person, being made before the clerk of said court, or justice of the peace, that said defendant or defendants have no property within the knowledge of such affiant, in his or their possession, liable to execution, and that such affiant hath just reason to believe that another person or persons is or are indebted to such defendant or defendants, or hath or have any effects or estate of such defendant or defendants, in his or their hands, it shall be lawful for said court, or justice of the peace, to cause the person or persons supposed to be indebted to, or supposed to have any of the effects or estate of the said defendant or defendants, to be summoned forthwith to appear before said court or justice, as a garnishee or garnishees, and said court or

21—54th Ill.

justice of the peace shall examine and proceed against such garnishee or garnishees in the same manner as is required by law against garnishees in original attachments."

The proceeding is statutory, and can not be extended beyond the plain provisions of the statute, and that evidently confines the proceedings to the debtor of the debtor. An insuperable objection to it, on principle, also exists, and it is this: there is no privity whatever between the judgment debtor, Hartman, and appellants. The principle of garnishment seems to depend on this, and it existed between Hartman, the debtor, and Weaver. To that extent Ross, the plaintiff, could rightfully go, but no further. While Hartman could sue Weaver, he could not have an action against Weaver's debtors, the appellants in this case, he having no interest in the subject, and there being no privity between them. *Howell* v. *Whitmore*, 19 Ala. 135. We think a fair construction of the statute can go no further than to allow this process to reach an indebtedness to the judgment debtor, and if the garnishee appears and denies all indebtedness, and none is established against him, the proceeding is at an end. The proceeding can not be extended beyond the mere matter of reaching the property or effects of the defendant. The debt due by appellant to Weaver, was, clearly, not of that character. Even a court of chancery, on a bill filed for such purpose, would have no authority so to apply the debt due to Weaver. *Wolf* v. *Tappen & Co.* 5 Dana, 361; *Jones* v. *Huntington*, 9 Mo. 249; Drake on Attachments, secs. 454, 459.

In our view of the statute, and of the practice under it for many years, we are of opinion that the plaintiff in an action, resorting to garnishment, after having obtained a judgment against his debtor, can not extend it beyond the debtor of his debtor.

The circuit court having entertained different views, the judgment of that court is reversed, with directions to dismiss the proceeding as against appellants.

*Judgment reversed.*