Netter v. Chicago Board of Trade et al.

---

ABRAM NETTER, use, etc.,

v.

## THE BOARD OF TRADE OF CITY OF CHICAGO ET AL.

1.  GARNISHMENT.—The proceeding by garnishment is statutory and can not be extended beyond the plain provisions of the statute.    Unless the garnishee is shown to have in his possession, custody or charge, property or effects of the debtor, or to be indebted to the debtor, he must be discharged.

2.  CHARACTER OF PROPERTY TO BE REACHED BY GARNISHMENT.—The property or rights to be reached by process of garnishment must be of a legal as contradistinguished from an equitable character.    They must be such as are capable of recovery or enforcement by action at law by the debtor against the garnishee.

3.  GARNISHMENT.—Where defendant held certificates of membership in two boards of trade, the garnishees, and such certificates were shown to be in the hands of defendant and not of garnishees.    Held, that plaintiffs failed to make out a case against the garnishees, within the terms of the statute.

4.  GARNISHMENT—APPOINTMENT OF RECEIVER.—The power of a court to appoint a receiver to take possession of and sell or otherwise dispose of

property sought to be reached by process of garnishment, is, by the very terms of the statute, limited to cases where there are goods, chattels, etc., in the hands of the garnishee which belong to the defendant, and which the garnishee is bound to deliver to him.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed April 24, 1883.

In this case, James C. King and Bernard Curtis brought suit in assumpsit against Abram Netter, to recover certain indebtedness from him to them, and afterward sued out a writ of attachment in aid of said suit, and caused the Board of Trade of the City of Chicago and the Chicago Provision, Grain and Stock Board to be summoned as garnishees. The plaintiffs having obtained judgment against the defendant for $4,553.27 and costs, filed their interrogatories, which both of said garnishees answered denying that they were indebted to the defendant in any amount, or that they had in their possession or under their control any lands, tenements, goods, chattels, moneys, credits, choses in action, or effects of the defendant.

The answer of said Board of Trade, however, disclosed the fact that the defendant, at the date of the writ of garnishment, was, and still is, the owner of a membership certificate in said board; that the membership represented by said certificate was subject to certain annual assessments, which being paid, said certificate was, by its terms, transferable on the books of said board to any person approved by its board of directors, on surrender of the certificate and any current ticket of admission to the exchange rooms of the board issued on account of it, such transfer to be made in writing by the defendant or his legal representatives according to a certain form printed on the back of the certificate; that said Board of Trade is a corporation organized under a special charter granted by the General Assembly of the State of Illinois, its object, as explained by its by-laws, being, "To maintain a commercial exchange; to promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in trade;

Netter v. Chicago Board of Trade et al.

to facilitate the speedy adjustment of disputes; to acquire and to disseminate valuable commercial and economic information, and generally to secure to its members the benefits of co-operation in the furtherance of their legitimate pursuits;" that by the by-laws of said board any person of lawful age and of good character and credit might be admitted to membership in said board, on presenting a written application for membership indorsed by two members of the board, obtaining an affirmative vote of at least ten members of the board of directors, and paying an initiation fee of $5,000, or presenting a certificate of unimpaired or unforfeited membership duly transferred; that after the service of the writ, and prior to the date of the answer, said initiation fee was increased to $10,000; that the value of membership certificates in said board was uncertain and variable, depending largely upon the state of the markets and the amount of business transacted on the board, and that there was no fixed price regularly and customarily paid for such certificates when transferred by one individual to another.

It also appeared from the answer of said Provision, Grain and Stock Board, that said board was an unincorporated voluntary association; that it had and occupied a room for the purposes of an exchange, to which none but members were regularly admitted for the transaction of business; that the fee charged and collected of each person becoming a member was $1,000; that the privileges held by a member could be sold and transferred to another person only under the rules and regulations of the association; that the price paid for memberships varied from time to time according to the wants of the purchaser, and the desire of the member to sell, and that their value, so far as they had any fixed value, was from $250 to $500; that at the date of the service of the writ of garnishment, the defendant was the owner and holder of one certificate of membership in said board. The form of said certificate, and the rules of the board governing its transfer, are given at length in said answer, the same being substantially identical with those set out in the answer of the other garnishee.

No allegation was made by the plaintiffs that the garnishees had not made true and full discovery by their answers, nor was there any attempt to contest any of the matters thereby disclosed, but on the coming in of said answers, the plaintiffs moved the court for the appointment of a receiver to take charge of and sell the interest of the defendant in his certificates of membership in said board, which motion was overruled. Said garnishees then entered their motion to be discharged on their answers, which motion was sustained, and said garnishees discharged, and the attachment dissolved as to them. To said decisions of the court, the plaintiffs preserved proper exceptions, and now bring the record to this court by appeal.

Mr. JOHN GIBBONS, for appellants; that the ownership of a certificate of membership in an association like the Board of Trade, is property, cited Powell v. Waldron, 89 N. Y. 328.

As to appointment of receiver: High on Receivers, § 470; Taylor v. Willis, 33 Barb. 327; Morgan v. Potter, 17 Hun, 403; Powell v. Waldron, 89 N. Y. 328.

As to concurrent jurisdiction of courts of law and equity: 1 Pomeroy Eq. Jur. §§ 182, 279, 281; Remington v. Foster, 42 Wis. 608; Pall v. Joiner, 1 S. C. 186; Reopelle v. Doellner, 26 Mich. 102.

Messrs. NEEDHAM & LOOMIS and Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for appellees; as to garnishment, cited Webster v. Steel, 75 Ill. 544.

A membership of the Board of Trade, if property at all, can only be reached in equity: Angell & Ames on Corporations, § 561; Howe v. Starkweather, 17 Mass. 240; Denny v. Hamilton, 16 Mass. 402; Denton v. Livingston, 9 Johns. 96; Williamson v. Smoot, 7 Mart. (La.) 31.

As to the power of the court to control the action of an association like the Board of Trade: Baxter v. Board of Trade, 83 Ill. 146; Sturges v. Board of Trade, 86 Ill. 441.

BAILEY, P. J.   Section 21, Chapter 11, of the Revised Stat-

utes directs, that when an officer is unable to find property of the defendant sufficient to satisfy an attachment, he shall summon the persons mentioned in the writ as garnishees, and all other persons in his county " whom the creditors shall designate as having any property, effects, choses in action, or credits in his possession or power, belonging to the defendant, or who are in anywise indebted to the defendant," and that the persons so summoned shall be considered as garnishees.

The fifth section of the statute in relation to garnishment provides, that when any person is summoned as garnishee upon any process of attachment, etc., the plaintiff may file interrogatories upon which he shall be desirous of obtaining the answer of the garnishee, " touching the lands, tenements, goods, chattels, moneys, choses in action, credits and effects of such defendant, and the value thereof in his possession, custody or charge, or from him due and owing to the said defendant at the time of the service of said writ, or at any time after, or which shall or may thereafter become due."

The seventh section provides that, when the plaintiff shall allege that the garnishee has not truly discovered the lands, tenements, goods, chattels, moneys, choses in action, credits and effects of the defendant, in his possession, custody or charge, or from him due and owing to the defendant, etc., the court shall proceed to try the cause as against such garnishee. Subsequent sections give the right to adverse claimants to intervene, and have their claims to any goods, chattels, choses in action, credits or effects in the hands of the garnishee adjudicated; and also give the right to the garnishee, when he has any goods, chattels, choses in action or effects, other than money, belonging to the defendant, or which he is bound to deliver to him, to deliver the same to the officer holding the attachment.

It is then provided by section 24, that " when it shall appear that any garnishee has in his hands, or under his control, any goods, chattels, choses in action or effects, belonging to or which he is bound to deliver to defendant, with or without condition, " the court may make any and all proper orders in regard to the delivery thereof to the proper officer, and

the sale and disposition of the same, and the discharging of any lien thereon, and may authorize the garnishee to sell any such property, or collect any choses in action, and account for the proceeds thereof, or appoint a receiver to take possession and sell, collect, or otherwise dispose of the same, and make all orders in regard thereto which may be necessary or equitable between the parties.

The proceeding by garnishment is statutory, and can not be extended beyond the plain provisions of the statute. I. C. R. R. Co. v. Weaver, 54 Ill. 319. By that proceeding, the creditor may reach debts owing to his debtor from the garnishee or lands, tenements, goods, chattels, moneys, choses in action, credits or effects of the debtor in the possession, custody or charge of the garnishee. Beyond this the statute does not go. Unless the garnishee is shown to have in his possession, custody or charge, property or effects of the debtor, or to be indebted to the debtor, he must be discharged. Furthermore, the property or rights sought to be reached by process of garnishment, must be of a legal as contradistinguished from an equitable character. They must be such as are capable of recovery or enforcement by action at law by the debtor against the garnishee. Webster v. Steele, 75 Ill. 544; May v. Baker, 15 Id. 89.

That the plaintiffs have failed to make out a case against the garnishees within the terms of the statute, is, we think, entirely beyond question. They have established no indebtedness from the garnishees to the defendant, nor have they shown that the garnishees have in their custody, control or charge, any property or effects of the defendant, of a legal or even of an equitable character. The only thing shown or pretended is, that the defendant holds certificates of membership in these two boards. Said certificates are shown to be in the hands of the defendant and not of the garnishees. In no proper sense can they be said to be in the possession, custody or charge of the garnishees. They were not property which the garnishees were bound to deliver to the defendant, as the defendant already had them, nor could they, so far as appears, have been made the subject-matter of any action at law by the defendant against the garnishees.

The power of the court to appoint a receiver to take possession of and sell or otherwise dispose of property sought to be reached by process of garnishment, is, by the very terms of the statute, limited to cases where there are goods, chattels, etc., in the hands of the garnishee which belong to the defendant, and which the garnishee is bound to deliver to him. No such case has been shown, and the court therefore decided correctly in refusing to appoint a receiver. And as no case was made tending to charge the garnishees, they were entitled to be discharged, and to have the attachment dissolved as to them, and the court decided correctly in entering an order to that effect.

It will be seen that the question whether certificates of membership in said Boards are property capable of being reached by creditors by proper legal process, elaborately argued by counsel, does not necessarily arise in this case, and we therefore express no opinion in relation to it. Perceiving no error in the record, the judgment will be affirmed.

Judgment affirmed.