# The Illinois Anglo-American Storage Battery Company, Garnishee,

## v.

# Joseph B. Long.

*Garnishment—Secs. 8 and 21, Chap. 11, R. S.—Secs. 5 and 24, Chap. 62, R. S.*

Shares of stock owned by a defendant in attachment for which certificates have not been issued, may be reached by garnishment in the hands of the corporation in question, and their issuance and the disposition of them controlled by a given court.

[Opinion filed July 30, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. John Barton Payne and William Brace, for appellant.

Mr. Louis Shissler, for appellee.

Moran, P. J.   Appellee commenced an attachment suit against F. A. and A. C. Bates, and appellant was summoned as garnishee.   A default and judgment was rendered against the principal defendants, and appellant answered that it held nothing belonging to the defendants in attachment except 950 shares of its capital stock, which stood on its books in the name of Lande, as trustee for F. A. Bates; that the stock had not been issued, but was carried on the books of the company, and that the company had received notice from said Lande, trustee, that said stock had been assigned by said F. A. Bates to H. M. Munsell of New York, and a demand from said Munsell that said stock should be issued in conformity with such assignment; that the company has no interest beyond the desire not to issue the said stock to any person who is not legally entitled to the same.

Plaintiff replied to the garnishee's answer, denying that

assignment from F. A. Bates to said Munsell was valid and *bona fide*, and alleging that it was made to defeat the rights of the plaintiff as creditor of said Bates.

The court, on the motion of plaintiff, entered an order requiring said Munsell to appear at a time named and maintain his rights to said shares of stock and abide the judgment of the court, and required that a copy of said order should be served on said Munsell.

A certified copy of the rule was forwarded to said Munsell by registered letter, and a receipt shown to bear Munsell's signature, was introduced, showing that he received said registered letter.

The court on the trial found, that Munsell failed to establish his right or interest in or to said stock as against plaintiff after notice given him, and that F. A. Bates was the equitable owner of 950 shares of said stock yet to be issued, and which should be held liable to be sold for the payment of the judgment rendered in favor of plaintiff and against said F. A. and A. C. Bates, and ordered that a receiver be appointed and said garnishee issue 950 shares of its capital stock in the name of F. A. Bates and deliver the same to said receiver, and that said receiver sell the same at public sale to the highest bidder, etc.

The contention of appellant is, that the court acquired no control over the stock by the process of garnishment, and was without jurisdiction to render the judgment.

Sec. 8, Chap. 11, R. S., authorizes the attachment of any equitable interest or title in lands, tenements, goods, chattels, rights, credits, moneys and effects of the debtor, and Sec. 21 of the same chapter provides for reaching by garnishment in the hands of any person, the property, effects, choses in action or credits of the debtor in the possession or power of such person. Sec. 5, Chap. 62, entitled Garnishment, is equally comprehensive in the description of property interests belonging to the defendant that may be reached in the hands of the garnishee.

In U. N. Bank of Chicago v. Bryam, 131 Ill. 92, the Supreme Court held that the words "rights and effects" in Sec. 8 of the Attachment Act above cited, embraced within

the scope of their signification the shares of a stockholder in an incorporated company. It is there said, "effects" are defined to be "property or worldly substance," and as denoting "property in a more extensive sense than goods (91 Bouvier L. Dic., 517; 1 Schouler, Pers. Prop., Sec. 16); a share of stock can not be regarded as otherwise than property," nor can it be said that it is not "worldly substance."

It can not be doubted that the words thus defined are to have as broad a signification when found in Section 21 as when found in Section 8 of the act.

If, therefore, the certificates of stock when issued are subject to attachment, it is difficult to see why shares of stock owned by a defendant in attachment, for which certificates have not been issued, may not be reached by garnishment in the hands of the corporation, and their issuance and the disposition of them controlled by the court.

The certificate of stock is not the stock itself, but evidence of its ownership. The assignment of such certificates is the ordinary means of transferring stock, and dealing with the shareholders' interest in the corporation.

A right to have certificates of stock issued by the corporation is incident to the ownership of the shares. The ownership of the stock is complete before the certificate issues. The defendant was found to be the owner of 950 shares of stock. The garnishee admitted its duty and its willingness to issue certificates of such stock to the owner. The question is, had the court the power to direct such issue and place the certificates in the hands of its officer to be dealt with for the benefit of the creditor of the owner.

By Sec. 24 of the Garnishment Act, the court is authorized to exercise equitable powers in taking possession and disposing of property in the hands of the garnishee. The question is of first impression, but we are of opinion that the right of the plaintiff to have the stock appropriated to the satisfaction of his debt was perfect, and the power of the court to reach the debtor's interest therein and subject it to the creditor's right, was ample and complete.

The judgment of the Circuit Court will therefore be affirmed.                                    *Judgment affirmed.*