## Edward J. Farnum v. North Chicago Safety Deposit Vault Co., use of, etc.

1. GARNISHMENT—*Strict Compliance with the Statute Required.*—A proceeding in garnishment is statutory and can not be extended beyond the plain provisions of the statute authorizing it.

2. SAME—*Return of the Officer Must Comply with the Statute.*— Under the statute it is necessary, before the process of garnishment can be legally issued, that there should be a return of the execution issued on the judgment "no property found."

3. SAME—*What is Not a Sufficient Return of Execution.*—A return of an execution "no part satisfied" is not such a return as the statute requires and is not sufficient to authorize a judgment against a defendant in garnishment proceedings.

Garnishment.—Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed October 10, 1901.

Stirlen & Dickson, attorneys for appellant.

Charles B. Obermeyer, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from a judgment rendered against appellant, as garnishee. The affidavit for summons is, in substance, that February 5, 1896, Gust Melin recovered judgment against the North Chicago Safety Deposit Vault Company for the sum of $540 and costs; that execution was duly issued on said judgment and was returned "no property found," and that, the affiant, Gust Melin, has no knowledge of any property of said company subject to execution, but has reason to believe that Edward Farnum and others named in the affidavit are indebted to the company. The proceeding was discontinued as to all garnishees except Farnum, who answered interrogatories propounded to him, denying indebtedness to the company. Issues were made up by traversing his answers; the cause was submitted to the court for trial, and the court found the issues for the plaintiff and that Farnum was indebted to the company in the sum of $1,000, and rendered judgment for that amount, $664.52 for the use of Melin, and the remainder for the use of the company.

Counsel for appellee, in his argument, says:

" This is a proceeding as in case of garnishment, brought under section 8 of chapter 32 of the laws of Illinois."

The part of this section relied on is as follows :

" Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders upon the stock owned by them, respectively, and in cases of garnishment." Hurd's Stat. 1899, p. 436.

Section 1 of chapter 62 of the Revised Statutes prescribes

the proceeding in cases of garnishment on judgments, which, omitting the enacting clause, is as follows:

" That whenever a judgment shall be rendered by any court of record, or any justice of the peace in this State, and an execution against the defendant in such judgment shall be returned by the proper officer, ' No property found,' on the affidavit of the plaintiff, or other credible person, being filed with the clerk of such court or justice of the peace, that said defendant has no property within the knowledge of such affiant, in his possession, liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant, or hath any effects or estate of such defendant in his possession, custody or charge, it shall be lawful for such clerk or justice of the peace to issue a summons against the person supposed to be indebted to, or supposed to have any of the effects or estate of the said defendant, commanding him to appear before said court or justice, as a garnishee; and said court or justice of the peace shall examine and proceed against such garnishee or garnishees in the same manner as is required by law against garnishees in original attachments."   Ibid., p. 931.

" The proceeding is statutory and can not be extended beyond the plain provisions of the statute."   Ill. C. R. R. Co. v. Weaver, 54 Ill. 319; Webster v. Steele, 75 Ib. 544, 546; Bartell v. Bauman, 12 Ill. App. 450; Netter v. Board of Trade, etc., Ib. 607; Drake on Attachments, 5th ed., 451a.

By the statute quoted *supra*, it is clearly necessary that before process of garnishment on a judgment can legally issue there shall be a return of the execution issued on the judgment "no property found."   In the present case the return on the execution, as shown by the record, is, " No part satisfied.   May 26th, 1896."   This return may be, and doubtless is true, and yet the defendant in the execution may have had property more than sufficient to satisfy it. Clearly, it is not such a return as the statute prescribes, and is insufficient to warrant a judgment against appellant.

The Supreme Court has recognized that in garnishment against stockholders on a judgment against a corporation, the execution against the corporation must be returned " no property found."   Coalfield Co. v. Peck, 98 Ill. 139, 142.

The claim of Melin, the usee, is that the appellant was

indebted to appellee for stock subscribed for by him, and the arguments of counsel are largely devoted to a discussion of that question. In view of our conclusion, above stated, we refrain from passing on that question. For the reason that the return of the execution issued on the judgment against appellee was insufficient to warrant the judgment, the judgment will be reversed and the cause remanded.