## Chicago Crayon Company v. J. Warren Pease.

### Gen. No. 13,637.

1. GARNISHMENT—*what cannot be reached by.* Stock in a corporation, where the certificate has issued, cannot be reached by garnishment.

2. CORPORATIONS—*what cannot affect stock purchase.* The purchase of corporate stock in good faith consummated through an agent of the supposed and record owner is not affected by the fact that such agent upon learning of an adverse claim of ownership retained the proceeds of the check given in payment for such stock.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 28, 1908.

Statement by the Court. The bill in this case alleged that June 11, 1903, one Hamell was the owner of fifteen shares of the capital stock of the defendant corporation, and that on said day the defendant issued to him a certificate therefor; that November 8, 1904, Hamell assigned the same in blank and sold and delivered said shares and certificate to complainant; that defendant refused to permit the transfer of said certificate to be registered or to issue to complainant a new certificate, and prayed that the defendant be decreed to permit the registry of such transfer and to issue to him a new certificate. The answer of the defendant admits that Hamell was the owner of said fifteen shares June 11, 1903, and alleges that March 1, 1904, four of said shares were levied on, "under and by virtue of a writ of attachment and execution order

of sale," issued by a justice of the peace in a suit pending before him, wherein A. D. Gash was plaintiff and said Hamell defendant; that the said four shares were sold at constable's sale to Gash, to whom defendant issued a certificate; that May 1, 1904, the sheriff of Cook county, "by virtue of a writ of attachment, levied upon the other eleven shares of said capital stock," which writ of attachment was issued out of the County Court in a suit in which the defendant company, for the use of one Lyon, was plaintiff and Hamell was defendant; that July 1, 1904, said sheriff, "under and by virtue of an execution and order of sale issued in said cause, levied upon and sold said eleven shares," to one Witherell, and the defendant issued to Witherell a new certificate for said shares. To the answer complainant filed a replication.

The return of the constable on the attachment writ issued by the justice was that he "summoned the Chicago Crayon Co. as Garnishee herein, by leaving a copy of the writ with Lee Skinner, Secretary of said Company, and tendered him $1.10 and mileage."

The justice's transcript shows a judgment in favor of the plaintiff against the defendant for $100 and costs, "*in rem*," and further states that "garnishee answers that it has four shares of stock on hand, the property of and belonging to defendant, and court renders judgment vs. garnishee on answer and court orders shares of stock in hands of Garnishee sold to satisfy above judgment *in rem* vs. defendant." Upon an execution issued on this judgment, said four shares of stock were sold at constable's sale.

The return of the sheriff on the writ of attachment issued out of the County Court is as follows: "The within named defendant not found and no property of within named defendant found in my county on which to levy this writ, served this writ on the within named Chicago Crayon Company, a corporation, as garnishee, by delivering a copy thereof to Lee Skinner, Secretary."

The plaintiff filed in said cause in the County Court to said Crayon Company, as garnishee, three interrogatories. The first, whether said garnishee had any goods, chattels, moneys, choses in action, credits, or effects of said Hamell in its possession; the second, whether said company was indebted to Hamell; the third, whether said Hamell had any stock in said corporation. To the first interrogatory the garnishee answered that defendant had eleven shares of the capital stock of said corporation; to the second, that it was not indebted to Hamell; to the third it made the same answer as to the first. No issue was taken on the answer of the garnishee.

The court entered judgment in favor of the plaintiff against the defendant for $745, damages and costs, and also judgment against the garnishee as follows: "that the defendant for use of the plaintiff have and recover of and from the garnishee, Chicago Crayon Company, a corporation, the said sum of seven hundred and forty-five dollars, to be satisfied out of the sale of said eleven shares of the capital stock of garnishee owned by said A. L. Hamell." The judgment order further directs the garnishee to make and deliver to the sheriff a certificate for said eleven shares of stock, "to the end that said sheriff may levy the special execution to be issued herein on said stock, that the same may be sold to satisfy said damages," and further orders that plaintiff have execution against said eleven shares of stock. Upon an execution issued on this judgment said eleven shares of stock were sold at sheriff's sale to Witherell.

The decree orders that defendant issue a new certificate for said fifteen shares of stock to complainant, and the defendant appealed.

A. D. GASH, for appellant.

WILLIAM E. CLOYES, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The answer sets up as a defense to the bill that four of Hamell's shares of the capital stock of defendant were levied on by a constable under a writ of attachment and afterwards sold, and that the remaining eleven shares were levied on by the sheriff, under a writ of attachment, and sold. These allegations are not sustained by the proofs. There was no attempt in either case to levy on or seize any shares of stock under the writ of attachment.

The respective returns of the constable and the sheriff on the writ of attachment issued to each show that no attachment of the shares of Hamell was made or intended under either writ, for each return states only that the Crayon Company was summoned as garnishee. In each case appellant here answered as garnishee; the subsequent proceedings in each case are based on the answer of the garnishee and are, in the main, such proceedings as may be had under section 20 of the Garnishment Act, and not such as are proper where property is seized on an attachment writ.

The proceeding in each case must be regarded as a garnishment proceeding, and the question presented is, whether the interest of a stockholder in an Illinois corporation, where a certificate for his stock has been issued and delivered to the stockholder, can be reached by that proceeding. By that proceeding a creditor may reach debts owing to his debtor from the garnishee, or lands, tenements, goods, chattels, moneys, choses in action, credits, effects or estate of the debtor in the possession, custody or charge of the garnishee. We think that stock cannot, where the certificate has been issued, be reached by garnishment proceedings, and this view is supported by the great weight of authority.

"The process of garnishment is proper only where a debt is due from a third person to the defendant debtor. It is not a proper remedy for reaching shares

of stock owned by the debtor. The corporation owes the stockholder no debt, and by no fiction of law can it be held to be a debtor of the defendant debtor. Consequently, where the sheriff levies an attachment, not according to procedure governing attachments, but according to the procedure of garnishment, the whole proceeding is void, and a subsequent transfer of the stock by the defendant debtor is valid." Cook on Corporations, 5th ed., 491. See, also, 14 Amer. & En. Encyc. of Law, 2nd ed., 796; Clark & Marshall on Corp'ns., 1149; 2 Wade on Attachment, sec. 408; Planters & Mer. Bank v. Leavens, 4 Ala. 753; Foster v. Potter, 37 Mo. 526; Ross v. Ross, 25 Ga. 297; Mooar v. Walker, 46 Iowa 164; Netter v. Board of Trade, 12 Ill. App. 607.

In Ill. Anglo-Amer. Storage Battery Co. v. Long, 41 Ill. App. 333, where no certificate for the stock had been issued, it was held that shares of stock might be reached by garnishment against the corporation. But in such case the stockholder has a right of action against the corporation, either in equity for specific performance, or in assumpsit to recover the value of the shares at the time their issue is demanded and refused. 1 Cook on Stockholders, sec. 74; Birmingham Bank v. Roden, 97 Ala. 404.

The proofs show that appellee purchased said shares from Scanlan, the agent of Hamell, at the price of $1,200, and paid for the same by his check to the order of Scanlan for said sum, dated November 28, 1904; that the same was paid through the clearing house November 30, 1904; that appellee purchased and paid for said shares in good faith, without any notice of any adverse claim to the same; that it was not until he had so paid for said shares that he learned from appellant of the claim that Hamell's shares had been sold; that he then notified Scanlan of said claim and asked Scanlan to protect him. The sale was completed when the check was delivered, and the fact that Scanlan, on learning of the claim that Hamell was not the

owner of the shares when they were sold to appellee, retained the proceeds of the check, cannot affect appellee's right as against appellant.

Finding no error in the record, the decree will be affirmed.

*Affirmed.*