## Otto Miller et al., Appellees, v. Gustave Anderson, Appellant.

### Gen. No. 19,849. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action by Otto Miller *et al.*, against Gustave Anderson to recover brokerage commissions earned by plaintiffs in procuring a purchaser for certain real estate belonging to defendant. The trial was had before the court without a jury and plaintiffs recovered a judgment for $1,291.87. To reverse the judgment, defendant appeals.

The defendant urged as ground for reversal that the evidence was insufficient to sustain the judgment.

RATHJE & WESEMANN, for appellant; TENNEY, HARDING & SHERMAN, of counsel.

CHARLES A. WILLIAMS, for appellees; EPSTEIN & MARX, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 28*—*necessity of preserving exception to judgment in bill of exceptions.* On appeal from a judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of the Municipal Court in a nonjury case, the sufficiency of the evidence to support the judgment cannot be inquired into where the appellant chooses the bill-of-exceptions method of review and the bill does not show any exception to the judgment.

2. APPEAL AND ERROR, § 578*—*Amendment of 1911 to section 81 of Practice Act construed.* The Amendment of 1911 to section 81 of the Practice Act, J. & A. ¶ 8681, merely inserts a provision for an alternative method of presenting questions for review in the form of a "stenographic report" of the trial, and does not have the effect of abolishing the former rule which requires formal exceptions, and the same to be preserved in the bill of exceptions, where the party chooses the bill-of-exceptions method of review.

3. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions cannot be treated as stenographic report.* Failure of bill of exceptions to show that any exception was taken to the judgment of the Municipal Court cannot be cured by treating the bill as a stenographic report where it appears on its face not to be a stenographic report.