## Antonio Mennella for use of Joe Mennella, Defendant in Error, v. Michael Bottigliero, Plaintiff in Error.

### Gen. No. 20,740.

1. GARNISHMENT, § 9*—*when record on writ of error insufficient for failure to show judgment and return of execution.* On a writ of error by a garnishee, the judgment will be reversed where there is no evidence in the record of a judgment against the nominal plaintiff or of the issue of an execution and the return thereof by the proper officer, "no property found."

2. APPEAL AND ERROR, § 13*—*when sufficiency of evidence to support judgment reviewable on writ of error to reverse judgment against garnishee.* Section 81 of the Practice Act as amended by the Act of May 31, 1911 (J. & A. ¶ 8618), does not prevent the Appellate Court from reviewing, on a writ of error to reverse a judgment against a garnishee, the sufficiency of the evidence to support the judgment, where the stenographic report shows that defendant submitted to the court the question whether, on the evidence, plaintiff was entitled to judgment against him, even though there was no formal exception to the judgment.

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 8, 1915. Rehearing denied and opinion modified March 22, 1915.

MORGAN, McFARLAND & GOODMAN, for plaintiff in error; JAMES H. McFARLAND, of counsel.

BLUM & BLUM, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action in garnishment in the Municipal Court by Mennella, plaintiff, against Bottigliero as garnishee, tried by the court without a jury, plaintiff had judgment for $862 and the garnishee sued out this writ of error. There is in the record what is certified by the

trial judge to be a "full, true and correct stenographic report of all the evidence introduced or offered and of all the proceedings in the cause." There is no evidence in the record of a judgment against the nominal plaintiff or of the issue of an execution and the return thereof by the proper officer, "no property found." As was said by Mr. Justice Adams in *Farnum v. North Chicago Safety Deposit Vault Co.,* 97 Ill. App. 439, after quoting section 1, chap. 62, R. S. (J. & A. ¶ 5936).

"The proceeding is statutory and can not be extended beyond the plain provisions of the statute." *Illinois Cent. R. Co. v. Weaver,* 54 Ill. 319; *Webster v. Steele,* 75 Ill. 544, 546; *Bartell v. Bauman,* 12 Ill. App. 450; *Netter v. Board of Trade,* 12 Ill. App. 607; Drake on Attachments (5th Ed.) 451a. "By the statute quoted *supra,* it is clearly necessary that before process of garnishment on a judgment can legally issue there shall be a return of the execution issued on the judgment, 'no property found.'"

Defendant in error does not controvert the rule that to maintain a proceeding in garnishment it is incumbent on the plaintiff to prove a judgment and the issue and return of an execution "no property found," but contends that as the record shows no exception to the judgment by the garnishee, the question of the sufficiency of the evidence to support the judgment cannot now be inquired into by this court. This was the rule prior to the amendment to the Practice Act, which took effect July 1, 1911. *Blake v. De Jonghe Hotel & Restaurant Co.,* 263 Ill. 471; *Lassers v. North-German Lloyd Steamship Co.,* 244 Ill. 570; *Climax Tag Co. v. American Tag Co.,* 234 Ill. 179.

The stenographic report not showing an exception to the judgment in the present case, the question whether we can consider the question whether the evidence is sufficient to support the judgment depends on the Amendment of 1911 to section 81 of the Practice Act

(J. & A. ¶ 8618), for if we can consider that question we can do so only under and by virtue of such amendment. In the Amendment to section 81 of the Practice Act approved May 31, 1911, the following new clause appeared as the first clause of the section:

"If, during the progress of any trial in any civil or criminal cause, either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the same, such ruling shall be deemed a matter for review in any court to which the same cause may be thereafter taken upon appeal or by writ of error without formal exception thereto, and after judgment, at any time during the term of the court at which judgment was entered or within such time thereafter as shall, during such term, be fixed by the court, any party desiring to prosecute a writ of error to or appeal from any such judgment, may submit to the court a stenographic report of the trial containing the evidence and the rulings of the court upon all or any of the questions submitted to and ruled upon by the judge thereof, and he shall examine the same, and, if correct, officially certify to the correctness of such report, and the same shall thereupon be filed in said court and become a part of the record in said cause, and all matters and things contained in such stenographic report shall become as effectually a part of said record as if duly certified in a formal bill or bills of exceptions, or  *  *  *."

The record in the present case contains a stenographic report, and the question whether we may review the evidence in the absence of a formal exception to the judgment in a case where there is a bill of exceptions and not a stenographic report, is not before us. The stenographic report states that the plaintiff to maintain the issues on his part introduced certain evidence; that the defendant to maintain the issues on his part introduced certain evidence; and that when defendant rested, the court gave judgment for the plaintiff. This shows that the defendant submitted to the court the question whether on the evidence the plaintiff was entitled to judgment against him, and that

the court on that matter ruled adversely to the defendant. We think that under the statute above quoted the ruling of the court on the question so submitted to it was a matter of review by this court without any formal exception to the judgment. Some of the questions here presented are involved in the following cases: *Photo Cines Co. v. American Film Mfg. Co.,* 190 Ill. App. 124; *Miller v. Anderson,* 189 Ill. App. 72; *Meek v. Chicago Rys. Co.,* 183 Ill. App. 256.

The evidence touching the question whether the garnishee had any funds in his hands due to the nominal plaintiff is conflicting and unsatisfactory; but as the judgment must be reversed for want of evidence of the judgment and the return of execution ''no property found,'' it is not necessary for us to decide whether the evidence shows or fails to show any money due to the nominal plaintiff from the garnishee.

For the reason indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*