## Lee Bullard, Appellant, v. Nora J. Mason et al., Appellees.

1. CREDITORS' SUIT, § 15*—*when creditor will not be awarded excess on redemption of property.* Where a judgment creditor of a mortgagor redeems the mortgaged land from the foreclosure sale under an execution on his judgment in the sheriff's hands and, upon the sale of the mortgaged property, the purchaser, also a judgment creditor, pays to the sheriff the amount due the redeeming creditor under the redemption proceeding and his execution, and retains and applies the excess of such purchase price to his own judgment, a court of equity will not, on a bill in the nature of a creditor's bill brought by a third judgment creditor, award such creditor a lien on such excess to the extent of his judgment.

2. CREDITORS' SUIT, § 9*—*what debt cannot be reached by bill in chancery.* A debt due a debtor cannot be reached either by a bill in chancery or in a garnishment proceeding.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

P. McWILLIAMS, for appellant.

THOMAS RINAKER, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Lands belonging to Nora J. Mason were sold at foreclosure sale on March 4, 1916. The Carlinville National Bank, Crabtree & Melton and Lee Bullard were made defendants in the bill for foreclosure as judgment creditors. The Carlinville National Bank judgment was obtained March 4, 1915, and was for $239.99. The Crabtree & Melton judgment was obtained March 26, 1915, and was for $139.40, and the Lee Bullard judgment was obtained June 4, 1915, and

was for $251.45. All of them were judgments in the circuit court of the county where the land was sold and were against Nora J. Mason and George ·L. Mason, who was her husband. On March 8, 1915, a year and four days after the foreclosure sale, no redemption from such sale having theretofore been made by Nora J. Mason or the Carlinville National Bank, Crabtree & Melton redeemed the land from the foreclosure sale under an execution on their judgment in the hands of. the sheriff of that county, and the premises were on April 6, 1917, sold for $1,552.17 to the Carlinville National Bank. The amount then due Crabtree & Melton under the redemption proceeding and on their execution and for costs was $1,255.08, leaving of the amount of the purchase price at that sale $297.09. Instead of paying to the sheriff $1,552.17, the whole amount of the bid at that sale, the bank paid him $1,255.08, the amount of money going to Crabtree & Melton for their claim and costs and retained the $297.09 balance, and directed the sheriff to return satisfied an execution on its· judgment which he then held but which had not been levied and on which was then due $297.09. On April 30, 1917, appellant, Lee Bullard, procured an execution on his judgment to be placed in the hands of the sheriff and tendered to the sheriff $1,282.98, being $1,255.08 plus interest to that date, he claiming the land had sold at the redemption sale for $1,255.08 only. That tender was refused and he filed a bill in chancery in the nature of a creditor's bill in which he set up the foregoing facts and asked that the surplus for which the land sold over and above $1,255.08 be ascertained and applied to his judgment, and that the sheriff be required to accept the sum of $1,282.98 for the purposes for which it was tendered. On May 22, 1917, one Cornwall, having obtained a judgment and procured an execution thereon, redeemed from the sale of April 6, 1917, and on June·14, 1917, the

property was sold at his redemption sale, was bid in by him for his redemption money, judgment and costs, and a deed for it was issued by the sheriff to him. On May 22, 1917, the same day on which Cornwall redeemed from the sale under the Crabtree & Melton execution, appellant filed an amended bill in which the averment of the tender of $1,282.98 to the sheriff to redeem from the Crabtree & Melton sale was omitted, and prayed that the surplus of the bid at that sale be ascertained and that it be decreed to be a credit payable to Nora J. Mason and that he, appellant, be decreed to have a lien on it to the extent of his judgment. The bank and the sheriff answered to part of the amended bill and demurred to the remainder. The Masons were defaulted. Appellant filed exceptions to the answer. The demurrer to the bill was sustained and the exceptions to the answer were overruled, and the cause was heard on issues joined on such parts of the bill as demurrer was not sustained to, and such parts of the answers as exceptions to were not sustained, and a decree was entered in which the facts were found to be as above stated and the bill was dismissed at the costs of complainant.

When the bank bid at the Crabtree & Melton sale more than the amount necessary to satisfy their judgment and costs and the amount they had advanced to redeem from the foreclosure sale, that surplus, belonged to Nora J. Mason, and she was given credit for it by the bank in satisfaction of the judgment it had against her, which application of that surplus has apparently been acquiesced in by her. As a matter of fact, that surplus never was in the hands of the sheriff, neither had he any lien on it by virtue of any execution in his hands. What would have been the rights of the parties if that surplus had been in his hands or if he had had an execution in his hands that was a lien on the property or what rights Nora J. Mason has or has had against the sheriff is not

now up for determination. Neither is it now a question what rights or benefits appellant might have secured had he tendered to the sheriff the full amount for which the property was sold at the Crabtree & Melton sale instead of only a part thereof, or, in other words, if he had redeemed from that sale. As between the bank and appellant there certainly was no priority or superiority of right in appellant to that surplus. To say the least the bank had an equal right to it and had possession of it. Even if Nora J. Mason has a right of action against the bank or the sheriff for that fund, the bank would be no more than a debtor of a fund that belonged to her, which in due course would have reached her through the sheriff, and she was the debtor of appellant. It is well settled that a debt due a debtor cannot be reached either by a bill in chancery or in a garnishment proceeding. *Illinois Cent. R. Co. v. Weaver,* 54 Ill. 319; *Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522; *Lay v. Myers,* 181 Ill. App. 614.

The decree of the circuit court is manifestly right and is affirmed.

*Decree affirmed.*