**Louis A. Traznik, Defendant in Error, v. Hannah & Hogg, Plaintiff in Error.**

**Gen. No. 16,719.**

INNKEEPERS—*when guest must give notice property is of special value.* "75 to 100 jewelry designs" in a satchel is property of "special and unusual value" within the Innkeepers Act of 1909. Sec. 3, limiting hotel keepers' liability to $50 for loss of baggage

checked by a guest, unless the guest give notice that the property is of "special and unusual value."

Error to the Municipal Court of Chicago; the Hon. SHERIDAN F. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term,. 1910. Affirmed on remittitur. Opinion filed October 3, 1912.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiff in error.

ERNEST G. KUSSWURM, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Louis A. Traznik, hereinafter called plaintiff, recovered a judgment for $100 against Hannah & Hogg, a corporation, hereinafter called defendant, for the value of a hand satchel and its contents, left with the clerk of a hotel belonging to defendant, whose guest plaintiff was. The satchel was not returned to plaintiff, and apparently was lost. At the time it was left with the clerk nothing was said as to its contents, nor was there anything about it to indicate its character or the value of its contents. Plaintiff's bill of particulars placed the value of the satchel and contents at $167.40. One of the items was "75 to 100 jewelry designs, value about $150."

The defendant relied for its defense upon section 3 of the Inn Keepers' Act of 1909 (Hurd's R. S. 1909, Chap. 71), which provides in substance that where a guest checks baggage with a hotel proprietor, and it shall be lost, the proprietor shall not be liable for valises, etc., in excess of $50, "unless such loss or injury shall have occurred through the negligence of such hotel proprietor, or by his servants or employes in such hotel: provided, that before such guest shall deliver to such hotel proprietor, or his employes, any trunk, valise, traveling case or other receptacle containing property or effects of special or unusual value

for safe keeping or for any purpose, he shall notify such hotel proprietor to that effect, and acquaint such hotel proprietor with the approximate value thereof, and upon his failure so to do, such hotel proprietor shall not be liable to such guest for the loss of or damage to, such contents of such trunk, valise, traveling case or receptacle.''

A reasonable construction of this statute is that where the guest does not notify the hotel proprietor of any contents of a satchel which have special or unusual value, the proprietor shall not be liable to such guest for any loss of the contents in excess of $50. The item, ''75 to 100 jewelry designs'' clearly comes within the description of property ''of special or unusual value.''

We find no evidence to support the finding that the defendant was guilty of negligence.

If plaintiff files within ten days a remittitur of $50 the judgment will be affirmed; otherwise it will be reversed and the cause remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*

Remittitur filed and judgment affirmed Oct. 3rd, 1912.