Thomas Hardcastle, Plaintiff in Error, v. Joseph W.
Ryder, trading as Chicago Hotel & Oyster House,
Defendant in Error.

Gen. No. 17,617.

1. INNKEEPERS—*when person is guest*. Plaintiff was a guest at
a hotel though he arranged for his room at a price per week and
did not take all of his meals there, when the room was not taken
for a certain time and he informed the clerk that his stay was in-
definite.

2. INNKEEPERS—*when assumption justified that person represents
proprietor of hotel*. A guest at a hotel who deposits money with the
sole person in charge of the office has a right to assume that such
person represents the proprietor and is authorized to accept money
as his agent, when such person is acting in all respects as clerk
and has been previously seen by the guest acting in the same ca-
pacity and the proprietor allowed said person to act with the
apparent authority of a clerk and with apparent authority to re-
ceive money for safe-keeping.

3. INNKEEPERS—*when liable for money handed to person in
charge of desk*. A hotel proprietor is liable for money handed by a
guest, to a person in charge as clerk for safe-keeping where such
guest had a right to assume that such person represented the pro-
prietor and was authorized to accept money for safe-keeping.

4. INNKEEPERS—*when guest not negligent in depositing money at
office*. A guest at a hotel is not negligent in depositing money at
the office for safe-keeping where he had a right to assume that
the person then in charge as clerk had authority to act and to
receive money for safe-keeping, though it seems that such person
was a porter and a stranger wrote the receipt which was signed
by said person.

Error to the Municipal Court of Chicago; the Hon. EDWARD A.
DICKER, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Reversed with finding of fact. Opinion
filed December 3, 1912. Rehearing denied December 17, 1912.

WILLIAM A. JENNINGS, for plaintiff in error.

EDMUND P. KELLY, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The plaintiff in error brought an action in the Municipal Court of Chicago against defendant in error, Joseph W. Ryder, the proprietor of the Chicago Hotel & Oyster House, to recover money deposited by the plaintiff in error with the defendant in error as keeper of the hotel. For convenience the parties will be designated as plaintiff and defendant. The plaintiff lived at Plainfield, New Jersey. He is a newspaper press repair man and travels about the country repairing newspaper presses. He frequently came to Chicago in the course of his travels, and, prior to November, 1910, put up at the Chicago Hotel & Oyster House when in Chicago. He paid for his lodging at fifty cents a night when he took a room by the night, and at the rate of $2 a week when he engaged his room by the week. On his last visit, prior to the commencement of the action, in November, 1910, he contracted for his room at the rate of $2 per week. He registered and left his room key with the clerk when he went out of the hotel. Attached to the door of his room was a card at the top of which was printed in large type, — "Important—Read the Rules to Avoid Misunderstanding." Paragraph 5 of the card said: "A safe has been provided in the office of the hotel for safe-keeping of money, jewels and valuables. Unless so deposited the proprietor will not be responsible for their loss pursuant to law." At the bottom of the card are printed two sections of the statute of the State of Illinois, regulating innkeepers.

It appears that on March 27, 1911, the plaintiff deposited $240 with Mr. Steins, the day clerk, and on March 29th deposited $335 more, and received a receipt therefor, written on the letterhead of the hotel. On the evening of March 29th the plaintiff drew the sum so deposited and went out to buy some furniture for a friend. That transaction was not consummated as expected and the plaintiff returned to the hotel at about 11:30 P. M. and found a young man in the office

behind the clerk's desk, and in the same place where he found Mr. Steins and other clerks giving out keys to rooms, and told him he wished to deposit some money for safe keeping. The young man, Anderson by name, said, "All right," and plaintiff gave him $570 in cash. Anderson opened the drawer in the desk behind which he was standing, and took out a letterhead of the hotel as Mr. Steins had done, and was about to write a receipt, when a stranger standing in front of the desk volunteered to write it, and wrote out a receipt and handed it to Anderson behind the desk, who signed it, put the money in the cash drawer of the desk, and handed the plaintiff the receipt. The receipt reads as follows:

"CHICAGO, March 29, 1911.
Received of Thomas Hardcastle for keeping the sum of Five Hundred and Seventy Dollars ($570.00).
ROBERT ANDERSON."

Anderson also handed to plaintiff the key to his room, and the plaintiff went to bed.

Plaintiff testified that he had seen the man who took his money and gave him the receipt and his key, standing in the same place behind the desk several times before, giving out keys to guests as he had seen other clerks at that hotel so during his last visit to the hotel, and he had never seen him do anything else; that Anderson gave a key to another guest at the time he took plaintiff's money and gave him his key. The keys were kept in pigeon holes behind the clerk's desk where the hotel safe, register and stationery were kept. The following day, plaintiff called upon Mr. Steins, the day clerk, for his money deposited the night before. Steins could not find the money; asked for the receipt; told him that Anderson had not been seen that day, and to see Mr. Ryder. Plaintiff called upon Ryder, who told him that he should not have taken a receipt like that, but Ryder failed to pay him the money.

Ryder and Steins testified that Anderson was only a porter; that he had been in the hotel since January previous, and was not allowed to act as clerk or go

behind the clerk's desk, or handle anything of value, and they believed him to be honest; that Julius Claude was night clerk at the time, and that they had changed night clerks four or five times since the plaintiff came to the hotel the last time. Claude testified that he did not see the plaintiff the night the money was lost; that he was upstairs in the hotel, checking up the rooms and visiting the toilet for about half an hour, and that he left Anderson alone in the office with instructions to call him if needed; that he had done that several times before. Anderson did not call him, and if a guest came in and wanted a key during Claude's absence, the porter gave it to him. He testified that he always locked the cash drawer when he went out and did so on this occasion and took the key with him, and that Anderson was in the office when he returned, and nothing was deposited in the cash drawer.

It further appears that Steins, the day clerk, went on duty at eight o'clock in the morning, and remained on duty until eight o'clock in the evening. He was then relieved from duty by Claude, the night clerk, who remained on duty until eight o'clock the following morning.

The cause was heard in the court below before the court without a jury. The court found the issues for the defendant, and entered judgment on the finding. The question presented by the record is, whether upon the facts the plaintiff was entitled to recover the money deposited by him.

We think that the evidence shows that defendant was an innkeeper, and that the plaintiff was a guest in the defendant's hotel. The mere fact that he arranged for a definite price per week for his room and that he did not take all his meals at the hotel, did not change the plaintiff's relation to defendant from that of a guest to a roomer. The plaintiff took his room, as it appears from the evidence, for no definite time, but informed the clerk that his stay was indefinite and that he might be called away at any time.

There is no question upon the evidence that Anderson was the servant of the defendant, and had been employed at the hotel and had served as such employee from January preceding. Upon the evidence we think that the plaintiff had a right to assume at the time that he deposited the money that Anderson represented the proprietor, and was authorized to accept the money of guests for safekeeping as the proprietor's agent. He was the sole person in charge of the office of the hotel at the time that plaintiff deposited the money, and was acting in all respects as the clerk representing the defendant. The plaintiff had seen him several times prior to the 29th of March, 1911, acting in the same capacity at the hotel and discharging the duties of a clerk. The defendant, as proprietor of the hotel or inn, had suffered Anderson to act with all the apparent authority of a clerk and representative, and with the apparent authority to accept and receive money and valuables from guests of the hotel for safekeeping. The card in the room was a direct invitation to the plaintiff as a guest to deposit his money and valuables at the office where the safe was kept, and the plaintiff did just what the card and rules of the hotel printed thereon asked and directed him to do. Upon the evidence in the case, we are of the opinion that the defendant is liable for the money handed to Anderson for safekeeping. Curtis v. Murphy, 63 Wis. 4; Houser v. Tully, 62 Pa. St. 92; Rockhill v. Congress Hotel Co., 237 Ill. 99.

We do not think that the evidence shows any negligence on the part of the plaintiff, and, therefore, that the plaintiff's negligence in no wise contributed to the loss of his money as contended on behalf of the defendant.

The judgment of the Municipal Court of Chicago is reversed, and on a finding of fact judgment is entered in this court in favor of Thomas Hardcastle, plaintiff in error, against Joseph W. Ryder, defendant in error, for the sum of $570.

*Reversed with finding of fact.*