EUGENIE BLAKE, Defendant in Error, *vs.* THE DEJONGHE HOTEL AND RESTAURANT COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

1. PRACTICE—*appeals lie from municipal court though forty day limit for filing transcript is invalid.* The fact that the provision of section 22 of the Municipal Court act requiring the transcript, on appeal from the municipal court, to be filed within forty days from the date of the judgment has been held invalid does not invalidate the entire section but appeals will lie as therein provided, but the time for filing the transcript is governed by the general Practice act.

2. SAME—*a bill of exceptions is valid though judge's term of office expires after signing and before filing.* A bill of exceptions is not invalidated by the fact that the term of office of the judge who signed the same expired after he had signed the bill but before the same was filed.

3. SAME—*when Appellate Court should recite in its judgment the facts found.* If the final determination of a cause by the Appellate Court is the result of its finding the facts different from the trial court, the statute requires the Appellate Court, upon reversing the judgment, to recite in its judgment the ultimate facts found by it.

4. INN-KEEPERS—*guest need not state the value of jewelry deposited in hotel safe.* Section 1 of the Inn-keeper's act, (Hurd's Stat. 1911, p. 1291,) concerning the providing of safes, has reference to deposits of money, jewelry and other valuable articles which are small, while section 3 of such act, and its proviso requiring notice to the hotel proprietor of the unusual and approximate value of property left with him for safe keeping, applies to trunks, valises and other property in the nature of baggage, and it is therefore not necessary for a guest depositing jewelry with the clerk, to be put in the safe, to give notice of the approximate value thereof.

5. The question of the respective rights and liabilities of guest and inn-keeper, in case articles of the kind referred to in section 1 of the Inn-keeper's act should be contained in receptacles of the kind referred to in section 3 of said act is not presented in this case and is not considered.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding.

ROY D. KEEHN, for plaintiff in error.

PAIN, CAMPBELL & KASPER, (FREDERICK J. KASPER, and JAS. L. COLEMAN, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Eugenie Blake brought suit against the DeJonghe Hotel and Restaurant Company for the loss of jewelry deposited for safe keeping. A jury having been waived, judgment was rendered, on a trial by the court, in favor of the de-

,fendant and against the plaintiff for costs, which the Appellate Court reversed. A writ of *certiorari* was awarded to bring the record here for review.

The plaintiff in error moved in the Appellate Court to dismiss the appeal because there is no law authorizing appeals from the municipal court. Section 22 of the Municipal Court act provides for appeals from the judgments of that court, and requires the transcript, on appeal, to be filed within forty days after the date of the judgment. In *David* v. *Commercial Mutual Accident Co.* 243 Ill. 43, this requirement was held unconstitutional, and it is now insisted that the whole section must therefore be regarded as unconstitutional and that the statute makes no provision for an appeal. It is manifest that the legislature intended to allow an appeal, and it cannot be supposed that they would have omitted to provide for an appeal because the detail as to the time within which the transcript must be filed could not be carried out. The Practice act fixes the time for filing transcripts in all cases of appeals to the Appellate Court and the Supreme Court and controls the practice in such appeals, whether from the municipal court or another court.

The bill of exceptions was signed on November 23, 1910, by Judge Foster, whose term expired on December 4, 1910, and appears to have been filed on December 6, 1910, within the time allowed by the statute for presenting it. The expiration of Judge Foster's term did not invalidate the bill of exceptions which he had signed, and the motion made to strike it from the record was properly overruled.

· The Appellate Court entered the following finding: "And the court, upon the allegations and proofs in the record in this cause contained, finds the issues in favor of the appellant; and the court doth further find the defendant guilty as alleged in plaintiff's statement of claim, assess plaintiff's damages at $3225; and the court doth further find that the said Eugenie Blake, appellant, ought to have

and recover of and from the said DeJonghe Hotel and Restaurant Company, appellee, her damages by her sustained by reason of the premises; and the court being now fully advised in the premises, doth assess the damages in favor of said appellant, and against said appellee, to the sum of $3225." Judgment was therefore rendered for the appellant, against the appellee, for $3225 and her costs in the Appellate Court and in the municipal court of Chicago. The finding of the trial court was a general finding of the issues against the plaintiff; the finding of the Appellate Court a general finding of the issues in her favor. Each is a mixed finding of law and fact. If the finding of the trial court was right it rendered the correct judgment. The Appellate Court found differently. In such case, where the final determination of the cause is the result of the different finding of facts by the Appellate Court, the statute requires the Appellate Court to recite in its judgment the facts as found. It is impossible to tell from the judgment what facts were found. The recital of facts was not sufficient to authorize the entry of final judgment by the Appellate Court against the plaintiff in error.

The plaintiff submitted certain propositions of law to the trial court which the court refused to hold, and the Appellate Court held such refusal to be error. A brief statement of the facts will be sufficient for an understanding of the application of these propositions.

Mrs. Blake, the plaintiff, testified that she arrived at the defendant's hotel and upon registering handed to the clerk a small leather jewel case, saying that it was a box of jewelry which she did not wish to keep in her room and asking him to put it in the safe and keep it. She asked for a receipt, but he said it was of no importance and she did not insist. The clerk testified that she did not tell him what was in the box or its value, and that, as near as he could remember, he asked her if she wanted a receipt and she

said she did not think it was necessary. The box was put in the safe and was stolen by the night elevator man.

The propositions of law whose refusal the Appellate Court held erroneous declared that section 1 of "An act for the protection of inn-keepers," approved June 9, 1909, (Hurd's Stat. 1911, p. 1291,) applied to a deposit of jewelry by a guest with an inn-keeper for safe keeping in a safe provided by such inn-keeper, and section 3 did not apply, and that it was not necessary for the guest to notify the inn-keeper of the special or approximate value of the jewelry so deposited. Section 1 of that act refers to "a safe or other repository constructed for the purpose of safe keeping money, jewelry and other valuables of his guests," and provides that the proprietor of a hotel having provided such a safe and otherwise complied with the provisions of the statute shall not be liable for the loss of or injury to such money, jewelry or other valuables, unless such loss or injury shall occur through the fault or negligence of such hotel proprietor, his servants or employees. Section 3 refers to the "baggage or any other article of property" of a guest delivered to the proprietor of a hotel for safe keeping elsewhere than in the guest's room, requires the guest to demand, and the proprietor to give, a check or receipt therefor, and declares that the hotel proprietor shall not be liable for the loss of or injury to any baggage or other article of property of his guest unless it has been so delivered and a check or receipt demanded therefor, nor, in any event, in excess of certain amounts named for trunks, valises, traveling cases, boxes, parcels and packages, respectively, and their contents, and for all other personal effects, including wearing apparel and personal belongings, unless such loss or injury shall have occurred through the negligence of such hotel proprietor or his servants or employees. A proviso added to this section declares that the guest delivering to a hotel proprietor any trunk, valise, trav-

eling case or other receptacle containing property or effects of special or unusual value, for safe keeping or for any purpose, shall notify the hotel proprietor to that effect and of the approximate value thereof, otherwise the hotel proprietor shall not be liable for the loss of or injury to such contents.

It is evident that the first of these two sections has reference to money, jewelry and articles of great value in small compass, for whose safe keeping a safe would be a usual and suitable repository, as distinguished from baggage in the ordinary sense,—that is, the clothing and other necessaries or conveniences usually carried by travelers in trunks, valises, bags or similar receptacles. Section 3 applies to the latter class of articles and not the former. The proviso to section 3 applies only to the class of articles mentioned in that section. The question of the rights or liabilities of the parties in case articles of the kind referred to in section 1 should be contained in receptacles of the kind referred to in section 3 is not presented and is not considered. The municipal court erred in refusing to hold the two propositions of law mentioned, and for this error its judgment must be reversed, but the Appellate Court erred in entering final judgment against the plaintiff in error.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to reverse the judgment of the municipal court and remand the cause to that court for a new trial or to enter final judgment in accordance with the principles announced in this opinion, and, if final judgment is entered in the Appellate Court, to recite in its judgment the facts as found by it.

*Reversed and remanded, with directions.*