EUGENIE BLAKE, Defendant in Error, vs. THE DEJONGHE HOTEL AND RESTAURANT COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1914—Petition stricken June 3, 1914.*

1. PRACTICE—*power of judges of Supreme Court, in vacation, to alter judgment previously rendered.* The only authority whereby judges of the Supreme Court, in vacation, may alter a judgment previously rendered is found in section 15 of the Courts act, and this power exists only as to the erroneous entry of the judgment and does not extend to changing the judgment itself.

2. SAME—*when Appellate Court is without authority to review the evidence.* Though there is a waiver of jury trial, yet if no exception is taken to the judgment of the trial court the Appellate Court has no authority to determine a question of fact or review the evidence and has no right to render judgment on the evidence.

3. CONSTITUTIONAL LAW—*section 38 of Municipal Court act is unconstitutional.* Section 38 of the Municipal Court act, providing that when it appears by the bill of exceptions that any erroneous ruling was made by the municipal court against the party complaining thereof but no formal exception was taken, such erroneous ruling shall be subject to review on appeal or writ of error, the same as though a formal exception appeared, is in violation of section 29 of article 6 of the constitution, requiring all laws relating to courts to be of uniform operation, and is invalid.

4. This case was tried before the amendment of 1911 to section 81 of Practice act went into effect and is not affected by it.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding.

ROY D. KEEHN, for plaintiff in error.

PAIN, CAMPBELL & KASPER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A judgment was rendered in this cause at the October term, 1913, reversing the judgment of the Appellate Court and remanding the cause, with directions to reverse the

judgment of the municipal court and remand the cause to that court for a new trial. A petition by the plaintiff in error for a rehearing was denied at the December term. The opinion contained the following language: "In any event, the Appellate Court had no right to assess the damages, which were unliquidated, and render a judgment for the amount assessed against the plaintiff in error.—*City of Spring Valley* v. *Spring Valley Coal Co.* 173 Ill. 497; *Geohegan* v. *Union Elevated Railroad Co.* 258 id. 352." The defendant in error did not ask for a rehearing, but after the petition of the plaintiff in error had been denied and after the adjournment of the term filed a motion to set aside the order so far as the directions to the Appellate Court were concerned, and remand the cause to that court with directions to enter final judgment. On January 7, 1914, an order was made, during vacation, changing the judgment so as to reverse the judgment of the Appellate Court and remand the cause to that court, with directions to reverse the judgment of the municipal court and remand the cause to that court for a new trial, or to enter final judgment in accordance with the principles announced in the opinion, and if final judgment were entered in the Appellate Court, to recite in the judgment the facts as found by it. The reason for making this order was that, the cause having been tried by the court without a jury, the waiver of a jury extended to the judgment of the Appellate Court, so as to enable that court to decide the issue of fact and render final judgment. (*Osgood* v. *Skinner,* 186 Ill. 491; *Manistee Lumber Co.* v. *Union Nat. Bank,* 143 id. 490.) The portion of the opinion quoted above was therefore stricken out because not applicable to this case, where there had been a waiver of a jury, the decisions cited being cases in which there had been jury trials. The opinion, with the omission mentioned and the change in the directions of the remanding order, is found in 260 Ill. 348. At the February term, 1914, the plaintiff in error moved the

court to rescind the order of January 7 made in vacation. There was no authority for making that order except section 15 of chapter 37 of the Revised Statutes, and the power conferred by that section does not authorize the judges of this court, in vacation, to change their judgment previously rendered but only the erroneous entry of the judgment. (*Blatchford* v. *Newberry,* 100 Ill. 484.) Accordingly the motion to rescind the order made in vacation was allowed and the court of its own motion granted a rehearing of the cause. Briefs have been filed by the respective parties and the cause has been again submitted. Upon this rehearing all questions are again open for argument, but we are satisfied with the former opinion as published in 260 Ill. 348, except as to the directions to the Appellate Court.

Although in this case there was a waiver of a jury, nevertheless the Appellate Court had no authority to determine the question of fact or to review the evidence because there was no exception to the judgment of the trial court. In a case tried by the court without a jury the sufficiency of the evidence to support the judgment cannot be inquired into on appeal, in the absence of an exception to the judgment. *Climax Tag Co.* v. *American Tag Co.* 234 Ill. 179.

The defendant in error relies upon section 38 of the Municipal Court act, which provides that when it appears by the bill of exceptions that any erroneous ruling was made by the municipal court against the party complaining thereof but that no formal exception was taken, such erroneous ruling shall be subject to review upon appeal or writ of error to the same extent and in like manner as if it appeared that a formal exception had been taken thereto by the party complaining. Section 29 of article 6 of the constitution requires all laws relating to courts to be of uniform operation, and this requires that they shall operate uniformly in all similar cases in the particular court. The provision of the Municipal Court act just mentioned is in conflict with this provision of the constitution and is there-

fore void. In all cases coming from any court but the municipal court, the Appellate Court or this court could review the judgment of the trial court as to the evidence only in case an exception was taken to the judgment and made a part of the record by a bill of exceptions. Section 38 would destroy uniformity of procedure and practice of this court and the Appellate Court in cases coming from the municipal court, and the provision is in conflict with the constitution. Since the Appellate Court had no right to decide whether the evidence supported the judgment, it had no right to render a judgment on the evidence. The amendment to section 81 of the Practice act did not go into effect until July 1, 1911, eight months after the trial in the municipal court, and did not affect this case.

The judgment is reversed and the cause is remanded to the Appellate Court, with directions to reverse the judgment of the municipal court and remand the cause to that court for a new trial.

*Reversed and remanded, with directions.*