## Harry Hall, Appellee, v. Hotel Sherman Company, Appellant.

## Gen. No. 29,543.

1. INNS, RESTAURANTS AND LODGING HOUSES—*construction of statutory limitation of innkeeper's liability for loss of guest's property.* Under Cahill's St., sec. 1, ch. 71, of the act relating to innkeepers providing that an innkeeper shall not be liable for the loss of valuables delivered to him or his clerk exceeding the sum of $250 unless the loss shall occur through the fault or negligence of the proprietor or through his servants or employees, the limitation of liability does not apply if the loss occurs through the fault of the proprietor or his servants.

2. TRIAL—*when refusal to submit special interrogatory as to innkeeper's negligence not prejudicial.* In an action against an innkeeper for the loss of money claimed to have been left with the clerk and placed in the safe by plaintiff as a guest, refusal to submit an interrogatory as to whether plaintiff had proven that defendant was at fault in and about the keeping of the envelope in the safe cannot be said to have been reversible error where the negligence complained of was not as to the keeping of the envelope while in the safe but in delivering it to the wrong person.

3. HARMLESS ERROR—*when refusal to submit special interrogatory cured by submission of general one.* Error, if any, in refusing to submit an interrogatory, in an action against an innkeeper to recover money claimed to have been in an envelope placed in the custody of the clerk by a guest, as to whether plaintiff had proven negligence in and about the keeping of the envelope in the safe was cured by submission of an interrogatory relating generally to the manner of handling and keeping the money in question.

4. INNS, RESTAURANTS AND LODGING HOUSES—*admissibility of impeaching evidence in action against innkeeper for loss of guest's money.* In an action against an innkeeper for money claimed to have been placed in an envelope which was left in the custody of the clerk, where the amount of money placed in the envelope was in issue, it was error to exclude testimony, offered to impeach plaintiff, that plaintiff had told a witness at about that time that he was broke and had no money.

5. INSTRUCTIONS—*refusal of approved instructions on credibility of witnesses as error.* The customary stock instructions as to credibility of witnesses were improperly refused in an action against an innkeeper for loss of money claimed to have been placed in the custody of the clerk where the amount of money in

the envelope left with the clerk was dependent on the testimony of plaintiff.

6. Trial—*propriety of tendering in court thing bailed to defendant.* In an action against an innkeeper for money claimed to have been in an envelope which plaintiff placed in the custody of the clerk, defendant should have been permitted to tender to plaintiff in court the envelope deposited by him and which when it was called for was found to contain only worthless paper, in pursuance of defendant's theory that it was obligated only to deliver the envelope called for by the check presented by plaintiff.

Appeal by defendant from the Circuit Court of Cook county; the Hon. David M. Brothers, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed April 13, 1925.

Felsenthal, Struckmann & Berger, for appellant; Henry A. Berger, of counsel.

Lewis W. Parker and John T. Beynon, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff alleges that while a guest at defendant's hotel he placed $1,000 in money in a deposit envelope and gave it to the cashier to be deposited in defendant's safe or vault, but defendant afterwards negligently permitted it to be carried away by some other person, so that when plaintiff asked for the return of his envelope defendant did not return it, but tendered another envelope not the plaintiff's. Upon suit for the money claimed to have been thus lost, the jury returned a verdict for $1,108, the amount claimed to have been deposited in the envelope, with interest. Defendant appeals from the judgment against it.

Counsel for defendant argue first at some length that even admitting plaintiff's money was lost through the negligence of defendant, its liability is limited to

$250 under section 1, ch. 71, Cahill's St., the Act entitled "Innkeepers." This provides that when the proprietor of a hotel shall provide a safe for the purpose of keeping money and other valuables of his guests and shall inform them by posting notices that he will receive the money or valuables of his guests for deposit in such safe when requested, that when such guest shall neglect to deliver his money or valuables to the proprietor or the clerk in charge of the safe, such proprietor shall not be liable for loss of the valuables unless such loss occurs through the negligence of the proprietor or his servants. The section concludes:

"and said hotel proprietor shall in no event be liable for the loss of, nor injury to such money or jewelry, or other valuables so delivered to him or to his clerk in charge of said safe or repository, in an amount exceeding the sum of $250.00, except by special contract in writing between said hotel proprietor and guest, unless such loss or injury shall occur through the fault or negligence of the said hotel proprietor or through his servants or employes in said hotel."

Defendant's counsel would by analysis emasculate this last sentence, which excepts from the limitation of damages loss occurring through the fault of the hotel proprietor or his servants. This conclusion seems to be based not so much on reason as on the desire to give greater force to the words limiting liability than to those removing such limit. By the first part of the section there is no limit on liability for loss occurring through negligence of the proprietor or his servants where the guest fails to deposit his valuables for safe-keeping. Any construction is unreasonable which would deprive a guest of the amount of his actual loss because he took the precaution to deposit his valuables with the proprietor to be placed in the safe. This would put a premium on the failure of the guest to avail himself of the offered means for safe-keeping his valuables, and also remove any

incentive of the proprietor to guard carefully valuables deposited with him. This would defeat the evident purpose of the statute, which must be construed as meaning that under the circumstances named the proprietor shall not be liable for loss in an amount exceeding $250, "unless such loss or injury shall occur through the fault or negligence of the said hotel proprietor or through his servants or employes in said hotel." This was the construction in *Hardcastle v. Ryder,* 175 Ill. App. 430; *Gross v. Saratoga European Hotel,* 176 Ill. App. 160; *Blake v. DeJonghe Hotel & Restaurant Co.,* 174 Ill. App. 129, and 260 Ill. 348. In *Busley v. Hotel Wisconsin Realty Co.,* 166 Wis. 294, it was expressly held in construing a similar statute that where the goods of a guest are lost through the negligence of the innkeeper, the limitation as to amount does not apply and the guest may recover the full amount of his loss. Also in *Edwards House v. Davis,* 124 Miss. 485.

It is not necessary now to determine the effect of the words limiting liability in a case where the innkeeper has complied with the statute and there is no evidence that the loss occurred through his fault or that of his employees.

Plaintiff's version of the occurrence is that on February 19, 1922, he became a guest at defendant's hotel and either on the 20th or 21st he requested and received from the cashier a safety deposit envelope. This envelope is one of the kind used by the hotel in connection with its system of receiving valuables for safe-keeping. It has two checks attached marked "A" and "B" respectively. Plaintiff says he deposited $1,000 in the envelope, sealed it, and wrote his name on check "A," which remained attached to the envelope and gave it to the cashier, who tore check "B" from the envelope on the perforated line and gave it to plaintiff as his receipt; that two or three days later he tendered a check "B" which bore the number 1922,

and asked for his envelope; that the cashier returned from the vault with an envelope of that number, which did not have on check "A" the signature of plaintiff, but the words, "Jack Goodman, room 1456." Plaintiff disclaimed this envelope as being his, and upon investigation it was ascertained that Goodman, who had been a guest of the hotel occupying room 1456, had disappeared. The envelope number "1922," corresponding with the check "B" presented by plaintiff, contained worthless paper. There is considerable evidence tending to show that Goodman, a friend of plaintiff, had stolen plaintiff's check "B" and sub-stituted his own.

Under defendant's system, when a guest presented check "B" calling for an envelope, he was required to sign his name thereon, and the cashier or clerk would compare this with the signature on check "A" attached to the envelope, and if they corresponded the envelope was delivered. Plaintiff claims that in this instance the employee negligently gave his envelope to another person on a forged signature on check "B." Apparently both checks "A" and "B" on plaintiff's envelope have been destroyed by defendant, so the signatures thereon cannot now be compared.

We do not state the evidence more fully or comment thereon for the reason that because of errors upon the trial the judgment must be reversed and the cause remanded.

The court denied the request of defendant to submit special interrogatory number 1 to the jury. This interrogatory in substance asked the jury to find whether plaintiff had proven that defendant was guilty of any fault or negligence in and about its keeping of the envelope of plaintiff in its safe. We cannot say that the refusal to submit this interrogatory is reversible error, for it is open to the objection that it limits the negligence to keeping the envelope

while it was in the safe, whereas the negligence complained of was that it was delivered to the wrong person. Furthermore, the error, if any, is cured by the submission of interrogatory number 2, which related generally to the manner of handling and keeping the money in question.

The amount of money placed in the envelope by plaintiff was in issue and was sharply attacked by defendant. Questions were put to plaintiff about statements made by him concerning his financial condition to an acquaintance named Berezniak, but such questions were not permitted. Defendant then offered to show that plaintiff had told Berezniak, at about the time of the alleged deposit of $1,000, that he, the plaintiff, was broke and had no money. Objection to this offer was sustained. Such testimony was entirely proper as tending to impeach plaintiff and should have been permitted.

The court improperly refused to give instructions numbers 3 and 4 offered by defendant. They are stock instructions, touching credibility. Such instructions have been given and approved repeatedly. *United States Exp. Co. v. Hutchins,* 58 Ill. 44; *Hill v. Montgomery,* 184 Ill. 220; *Loehr v. People,* 132 Ill. 504.

Upon the trial defendant, in pursuance of its theory that it was obligated only to deliver to plaintiff the envelope called for by the check presented by him, undertook to tender this envelope number "1922." The court of its own motion refused to allow such a tender with comments calculated to prejudice defendant's attorney before the jury. Such tender was entirely proper and no reason is suggested, and none occurs to us, why defendant should not have been permitted to make it.

It is persuasively urged that the verdict is against the manifest weight of the evidence. However this may be, the errors, committed upon the trial so

clearly were prejudicial that defendant is entitled to a new trial. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.