K.S.K. JEWELRY CO., Inc., a New York Corporation, Plaintiff-Appellee,

v.

CHICAGO SHERATON CORPORATION, an Illinois Corporation, Defendant-Appellant.

No. 12931.

United States Court of Appeals Seventh Circuit.

Oct. 3, 1960.

Rehearing Denied Nov. 21, 1960.

Thomas E. Moran, Edward Rothbart, Joseph Stein, Chicago, Ill., Rothbart & Rosenfield, Chicago, Ill., of counsel, for defendant-appellant.

Cecil E. Magid, Harry Okin, Chicago, Ill., Weissenbach, Hartman, Craig, Okin & Magid, Chicago, Ill., of counsel, for plaintiff-appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

K.S.K. Jewelry Co., Inc., plaintiff-appellee, brought this diversity action

against Chicago Sheraton Corporation, defendant-appellant, operator of a Chicago, Illinois, hotel, to recover damages for the loss of two sample cases containing jewelry which plaintiff's president-salesman, a guest at defendant's hotel, delivered to defendant for safe keeping. The District Court, after trial without a jury, found and concluded that the loss or misdelivery of the cases was the result of defendant's negligence, that the fair market value of the cases and contents was $25,688.50, and entered judgment for the plaintiff for such amount and costs. Defendant appealed.

The contested issues on appeal are:

(1) Whether the proviso to Section 3 of the Illinois Inn Keepers Act (Ill.Rev. Stat.1957, Ch. 71, Section 3) as a matter of law precludes recovery by the plaintiff.

(2) Whether as a matter of law contributory negligence of the plaintiff barred recovery.

(3) Whether there is any credible evidence to support the District Court's findings as to the contents of the sample cases and any competent and material evidence to support the finding of fair market value.

Inasmuch as our resolution of the first issue is dispositive of defendant's appeal it is unnecessary that we consider the other issues or set forth any of the evidence bearing on the issue of damages.

Plaintiff is a New York manufacturer of jewelry. Its president, Irving Kritzer, came to Chicago on a selling mission on October 17, 1956, and was registered in, received as a guest, and assigned to a room in a hotel operated by defendant. Kritzer brought with him to the hotel two sample cases containing jewelry manufactured by plaintiff and four packets of uncut diamonds. The value of the cases and contents was alleged by plaintiff to be $25,688.50. Kritzer also carried a hand bag containing personal effects. Kritzer was then approached by defendant's employee, Venturi, who in the regular course of his employment as a "bell boy" offered to assist him to his room. Kritzer asked Venturi to place the two sample cases in the hotel's vault. Venturi asked Kritzer whether the cases were valuable, who replied that they were. Venturi then said that the hotel did not maintain a vault large enough to accommodate cases of the size carried by Kritzer, but that he could place them in a locked checkroom which the hotel maintained for such purposes, to which Kritzer agreed. Venturi then procured a key from behind the registration desk, and he and Kritzer proceeded to the locked checkroom, which Venturi entered by means of the key. He placed an identification tag on each of the sample cases and then tore off a stub from each and gave them to Kritzer, who placed them in his pocket.

During the evening of October 17, 1956, a stranger approached another of defendant's "bell boys", one McGuire, and handed McGuire a claim check and asked that he be given the bag to which it referred. McGuire then procured the key from behind the registration desk and proceeded to the checkroom with the stranger, which they both entered. After delivering the bag represented by the stranger's claim check, the stranger while in the checkroom pointed to Kritzer's sample cases and asked McGuire that they also be given to him. McGuire told the stranger that he was not permitted to deliver them without surrender of the claim checks therefor, at which point the stranger stated that he would go and get them, and departed. McGuire thereupon, without first obtaining the surrender of the claim checks, and without the authority from or the knowledge or acquiescence of Kritzer, but upon the direction of his superior, the "Bell Captain", removed Kritzer's two sample cases from the security of the locked checkroom and carried them to the "Bell Captain's" desk, some distance from the checkroom, which was then completely unattended, and left them there unguarded, with the original identification tags still tied to each of them, while he proceeded to the street entrance to the hotel with another guest. On his

way back from the hotel entrance Mc-Guire saw the stranger, referred to earlier, carrying Kritzer's two sample cases, and without determining whether the claim checks therefor had been surrendered as required, proceeded with the stranger to the street entrance to the hotel where he assisted him into a cab with Kritzer's sample cases.

Neither the sample cases nor their contents were ever returned to plaintiff by defendant or any one else.

■ Illinois was the situs of the transaction and its law governs. In Illinois the common law liability of an innkeeper has been modified and limited by statute. The title of the Illinois Statute, "An Act for the protection of inn keepers" is indicative of its subject matter and purpose. The pertinent section of the statute, as it read at the time of the occurrence here involved is found in Ill. Rev.Stat.1957, Ch. 71, Sec. 3. Another section of the same Act (Section 1) which, however, has no application in the instant case contains provisions limiting the amount of recovery in certain situations but under which the innkeeper is always liable for loss occurring through his negligence. Section 1 relates to cases where the hotel provides a safe for the safe keeping of certain types of valuables of guests. It embraces "money, jewelry and other valuables" and has been described by the Illinois Supreme Court as referring to "money, jewelry and articles of great value in small compass, for whose safe keeping a safe would be a usual and suitable repository, as distinguished from baggage in the ordinary sense". Blake v. DeJonghe Hotel Co., 260 Ill. 348, 353, 103 N.E. 225, 227.

■ Section 3 of the Act applies to baggage—trunks, valises, bags or similar receptacles. The pertinent portion of the section provides:

" * * * and no hotel proprietor shall be liable for the loss of, or injury to, such baggage or other article of property of his guest, unless the same shall have been actually delivered by such guest to such hotel proprietor or to his servants for safe keeping, and a check or receipt demanded therefor to evidence such delivery; and in the event any such baggage so checked shall be lost or injured, said hotel proprietor shall not be liable for such loss or injury in excess of the following amounts, respectively:

Trunks and contents ........ $150
Valises and traveling
   cases and contents.......... 50
Boxes, parcels and pack-
   ages and contents.......... 10
All other miscellaneous effects,
   including wearing apparel
   and personal belongings ... 50

unless such loss or injury shall have occurred through the negligence of such hotel proprietor, or by his servants or employees in such hotel: Provided, that before such guest shall deliver to such hotel proprietor, or his employees, any trunk, valise, traveling case, or other receptacle containing property or effects of special or unusual value for safe keeping or for any purpose, he shall notify such hotel proprietor to that effect, and acquaint such hotel proprietor with the approximate value thereof, and upon his failure so to do, such hotel proprietor shall not be liable to such guest for the loss of or damage to, such contents of such trunk, valise, traveling case or receptacle."

The sample cases delivered by Kritzer to defendant's employee for safe keeping were "receptacles containing property" within the purview of Section 3 and the proviso thereof. There is no contention made nor does the record disclose that Kritzer informed defendant or any of its representatives as to the nature, identity or approximate value of the contents of the two cases until after their loss or misdelivery. It is clear from the record that the defendant's agents and employees were negligent. It is equally clear in our opinion, from the plain and unmistakable language of the proviso to

Section 3 that where receptacles are checked as ordinary baggage but contain "property or effects of special or unusual value" the hotel proprietor is not liable to the guest for loss of such contents unless before delivery of the receptacle the guest notifies the hotel proprietor or his representative as to the nature of such contents and the approximate value. The plaintiff in this case did not discharge such condition prerequisite to liability by merely telling the bell boy that the cases were "valuable".

The language of the proviso is clear. Where the contents of baggage is of special or unusual value and no notice to that effect and of the approximate value is given it is explicitly provided that the "hotel proprietor shall not be liable to such guest" for loss or damage to such contents. Unlike other provisions of Sections 1 and 3 the proviso contains no qualification conditioning the exemption from liability upon absence of causal negligence on the part of the innkeeper and his employees.

The proviso is unambiguous. Resort to construction or interpretation is not permissible. But if ambiguity existed we would be constrained by the established canon of statutory construction, recognized and applied by the Illinois Courts, that the purpose of a proviso is to except, qualify or restrain the generality of what is affirmed in the body of the Act, section or paragraph which precedes it. People ex rel. Roos v. Kaul, 302 Ill. 317, 134 N.E. 740; Roberts v. Eyman, 304 Ill. 413, 136 N.E. 736. And the introduction of an exception in a statute is necessarily exclusive of all other independent, extrinsic exceptions. Dutton v. City of Aurora, 114 Ill. 138, 28 N.E. 461.

The plaintiff relies heavily upon Burton v. Drake Hotel Co., 237 Ill.App. 76, where it was held that a guest might recover for the loss of two traveling bags and their contents checked as baggage. The Illinois Appellate Court there held that the evidence established a *prima facie* case of negligence on the part of the defendant and required re-versal of a trial court judgment for defendant and remandment of the case. The bags contained expensive wearing apparel and accessories including a Sulka silk crepe bathrobe, monogrammed Scotch linen handkerchiefs, and two sets of valuable jeweled cuff links. The plaintiff placed a value of $2,000 on the bags and contents. We have carefully considered the holding in the Burton case and do not regard it as limiting or qualifying the language of the proviso to Section 3 so as to exempt the hotel proprietor only in those situations where the loss is not the result of his negligence or that of his employees. The court indicated that the hotel involved was of the ultra-fashionable class and that the "articles were not other than might appear to be necessary and convenient for guests of plaintiff's financial standing and these were the kind of guests which this hotel was accustomed to provide for".

It is apparent that under the facts and circumstances involved in Burton the court did not regard the contents of the bags as property or effects of "special or unusual value" requiring notice of their character and approximate value as a condition precedent to liability of the hotel for loss. The observations made in Burton and above quoted indicate that the court regarded the proviso inapplicable rather than that it "construed" the proviso as conditioning the exemption from liability on the absence of causal negligence.

There can be no question in the instant case that the contents of the sample cases were of "special and unusual value" within the purview of the proviso. Cf. Traznik v. Hannah & Hogg, 173 Ill.App. 43. The proviso is no doubt based on the philosophy aptly summarized in Shiman Bros. & Co. v. Nebraska National Hotel Co., 146 Neb. 47, 18 N.W.2d 551, 559, where it was pointed out that "A man would not be expected to take the same care of a bale of cotton as of a case of diamonds".

We find nothing in the record to show the value of the cases apart from their contents consequently there is no basis

for an affirmance conditioned on the filing of a remittitur for the amount of the judgment in excess of the value of the cases apart from their contents.

The judgment is therefore reversed.

Reversed.